**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re:                                                                                    Chapter 11

W.B. CARE CENTER LLC                                              Case No. 09-26196-BKC-JKO
d/b/a WEST BROWARD CARE CENTER

      Debtor.
_____/

**EMERGENCY MOTION OF INSTITUTIONAL**
**LEASING 1, LLC TO COMPEL DEBTOR TO PAY**
**POST-PETITION ADMINISTRATIVE RENT PURSUANT TO 11 U.S.C. § 365(d)(3)**

---

**STATEMENT IN COMPLIANCE WITH LOCAL RULE 9075-1**

*Reason for Exigency*:
This Motion should be heard on an emergency basis because Debtor failed to pay post-petition rent for the months of September and October despite representing to Institutional and the Court that rent will be paid and that Debtor has sufficient funds to pay the outstanding rent. Bankruptcy Code § 365(d)(3) requires payment of post-petition rent and, thus, Debtor is violating the plain language of the Bankruptcy Code.

*Date by which hearing must be held*: On Friday October 9, 2009 at 3:00 PM, or at another date and time convenient for the Court.

*Certification of bona fide effort to resolve matter*: Undersigned counsel certifies that bona fide efforts have been made on numerous occasions to resolve this matter short of filing this Motion.

---

      Institutional Leasing 1, LLC ("**Institutional**"), pursuant to 11 U.S.C. § 365(d)(3) and Federal Rules of Bankruptcy Procedure 9013, Local Rules 9013-1 and 9075-1, moves the Court ("**Motion**") on an emergency basis for entry of an Order compelling Debtor, W.B. Care Center, LLC ("**Debtor**") to pay post-petition administrative rent due and owing under the Lease. In support of this Motion, Institutional states as follows:

## PRELIMINARY STATEMENT

Debtor has failed to pay post-petition rent despite numerous representations to both Institutional and the Court that it was going to pay such rent. Moreover, Debtor has represented to Institutional and the Court that it has sufficient funds to pay the outstanding post-petition rent. Bankruptcy Code § 365(d)(3) unequivocally requires Debtor to pay Institutional post-petition rent. Debtor's flagrant violation of the Bankruptcy Code mandates entry of an Order: (i) compelling Debtor to immediately pay outstanding post-petition rent due for the months of September and October, which it admittedly has sufficient funds to pay, and (ii) awarding Institutional its attorneys' fees incurred in connection with its efforts to obtain payment of post-petition rent.

## BACKGROUND

1.  Debtor, as tenant, and Institutional, as landlord, are parties to a certain lease agreement, as amended by the Settlement Approval Order (D.E. 18 in the Prior Case),[1] ("**Lease**") concerning real property and improvements located at 7751 West Broward Boulevard, Plantation, Florida 33324, where Debtor conducts business as a skilled nursing facility ("**Facility**"). A copy of the Lease and Settlement Approval Order are attached hereto as Composite Exhibit A.

2.  Pursuant to the Lease, which is a "triple net" lease, Debtor is required to pay Institutional rent in the amount of $128,750.00 ("**Rent**") on the first of each month, plus certain impoundments, including Insurance in the amount of $5,418.25 per month and Property Taxes in the amount of $6,073.81 per month for a total payment of $140,242.06.

---

[1] As the Court is aware, Debtor has filed a prior bankruptcy case, Case No. 09-12957-JKO ("**Prior Case**"). In the Prior Case, the Court entered an Order Approving Settlement Agreement between W.B. Care Center, LLC, Tim Reardon, Millennium Management, LLC and Institutional Leasing 1, LLC, Denying As Moot Debtor's Emergency Motion for Turnover and Other Relief (C.P. #5) and Dismissal of this Chapter 11 Case Without Prejudice Subject to Negative Notice (D.E. 18) ("**Settlement Approval Order**").

3.  On August 5, 2009 ("**Petition Date**"), Debtor filed a voluntarily petition under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* ("**Bankruptcy Code**"). Debtor continues to operate its business at the Facility.

4.  At the hearing before this Court in this matter on October 6, 2009 at 2:00 PM ("**October 6 Hearing**"), counsel for Institutional notified this Court that Debtor had not paid Institutional "stub" Rent for August and Rent for September and October. Also at the October 6 Hearing, Debtor paid Institutional the "stub" Rent for August, but did not pay the Rent for September and October, despite the representations made by Debtor's counsel that Debtor had sufficient cash to pay September and October Rent. Finally, in open court at the October 6 Hearing, counsel for Institutional demanded payment of September and October Rent.

5.  As of the time of filing this Motion, Debtor has not paid Institutional the Rent that is due and owing for the post-petition months of September and October in the amount of $257,500.00, plus impoundments.

## REQUESTED RELIEF

6.  Institutional requests the Court enter an Order granting the following relief:

A.  Requiring Debtor to pay August and September Rent in the total amount of $257,500.00, plus impoundments, by wire transfer within twenty four (24) hours;

B.  Requiring Debtor to pay prospective Rent on or before 5:00 PM on the second business day of the month.

C.  Terminating the Lease should Debtor fail to pay prospective Rent on or before 5:00 PM on the second business day of the month.

D.  Awarding Institutional its reasonable attorneys' fees and costs associated with the filing of this Motion, attendance of any hearing on the Motion and other actions associated with enforcement of Debtor's obligation to pay post-petition Rent under Bankruptcy Code § 365(d)(5) and the Lease.

E.  Granting any other relief the Court determines is necessary and proper.

## AUTHORITY FOR REQUESTED RELIEF

7.      Debtor was required to pay August "stub" Rent, September Rent and October Rent. Bankruptcy Code § 365(d)(3) states, in pertinent part, as follows:

> The trustee shall timely perform all of the obligations of the debtor . . . arising from or after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

11 U.S.C. § 365(d)(3). *See In re CHS Elec., Inc.* 265 B.R. 339, 341-42 (Bankr. S.D. Fla. 2001) (granting landlord's motion for payment of post-petition rent); *In re Safe-T-Brake of Fla., Inc.*, 127 B.R. 68, 69-70 (Bankr. S.D. Fla. 1991) (same).

8.      The Lease provides Institutional the right to recover attorneys' fees and costs against Debtor for its efforts to collect unpaid Rent. *See* Lease at p. 29 ¶ 8.7. Debtor's intentional and deliberate failure to pay September and October Rent where Debtor has repeatedly represented that it has sufficient funds on hand to pay, and which necessitated Institutional to file this Motion, is sanctionable for at least the reasonable attorneys' fees and costs Institutional incurred associated with bringing this Motion, attending a hearing on the Motion, and other actions taken to enforce Debtor's obligation to pay Rent under Bankruptcy Code § 365(d)(3) and the Lease.[2] *See In re Beltway Med., Inc.*, 358 B.R. 448, 453 (Bankr. S.D. Fla. 2006) (holding that nonresidential real property landlord could recover as an administrative expense the attorneys' fees incurred in connection with its efforts to collect post-petition rent).

9.      Based upon the foregoing, Institutional respectfully requests entry of an Order granting the relief set forth in paragraph 6 above.

---

[2] Institutional will provide the Court, Debtor and interested parties with documentation concerning attorneys' fees and costs sought in this Motion.

**WHEREFORE,** Institutional respectfully requests that this Court enter an Order: (i) requiring Debtor to pay rent within twenty-four (24) hours from the entry of this Order by wire transfer in accordance with the Lease; (ii) requiring Debtor pay rent within two (2) business days from the first day of each calendar month by wire transfer in accordance with the Lease; (iii) terminating the Lease if Debtor should fail to pay the Rent within two (2) business days from the first day of each calendar month; (iv) awarding Institutional reasonable attorneys' fees and costs incurred in connection with filing this Motion, attending a hearing on this Motion and other actions taken to enforce Debtor's obligations to pay Rent under Bankruptcy Code § 365(d)(3) and the Lease; and, (v) granting all such further relief as the Court deems appropriate under the circumstances.

Dated:  October 7, 2009.

Respectfully submitted,

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

/s/ *Patricia A. Redmond*
Patricia A. Redmond
Florida Bar No. 0303739
predmond@stearnsweaver.com
Kristopher E. Pearson
Florida Bar No. 0016874
kpearson@stearnsweaver.com
STEARNS WEAVER MILLER
 WEISSLER ALHADEFF & SITTERSON, P.A.
Attorneys for Institutional Leasing 1, LLC
Museum Tower Building, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:    (305) 789-3259
Facsimile:    (305) 789-2624

Counsel for Institutional Leasing 1, LLC

G:\W-BANK\38950\001\Drafts\Emerg M-to Compel Payment of Rent.doc