ORDERED in the Southern District of Florida on __03/04/09__



_/s/_ _Raymond B Ray_
John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:                                          CASE NO.: 09-12957-JKO

W.B. CARE CENTER LLC, d/b/a
WEST BROWARD CARE CENTER          CHAPTER 11

        Debtor.
_____/

<u>ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN W.B. CARE CENTER LLC, TIM REARDON, MILLENNIUM MANAGEMENT LLC AND INSTITUTIONAL LEASING I LLC, DENYING AS MOOT DEBTOR'S EMERGENCY MOTION FOR TURNOVER AND OTHER RELIEF ( C.P. #5) AND DISMISSAL OF THIS CHAPTER 11 CASE WITHOUT PREJUDICE SUBJECT TO NEGATIVE NOTICE</u>

THIS CAUSE came before the Court for hearing on February 26, 2009 upon the Debtor, W.B. Care Center LLC's ("Debtor") Emergency Motion for Turnover and other relief (C.P. #5) _ORH_ and the Court having held a hearing thereon and having heard arguments and representations of

counsel for the respective parties, W.B. Care Center LLC, Millennium Management, LLC, Institutional Leasing I LLC, QIS Management LLC, Timothy Reardon, Abraham Shaulson (the "Parties"), and the Parties having announced a settlement agreement in Court on the record which includes a request for the immediate dismissal of this action without prejudice subject to negative notice to all creditors of the Debtor and the Court having approved the Settlement Agreement, it is **ORDERED** as follows:

1. The Settlement Agreement announced on the record by the Parties is approved and this Court shall retain jurisdiction to enforce the terms of the Settlement Agreement and such jurisdiction together with the terms and conditions of the settlement shall expressly survive the Dismissal of this Chapter 11 case. The terms of the Settlement Agreement as stated on the record are adopted and incorporated herein by reference and they include without limitation as follows:

    i. Institutional Leasing I LLC shall dismiss with prejudice the action it filed in the Circuit Court of the 17th Judicial Circuit against W.B. Care Center LLC, QIS Management LLC, Timothy Patrick Reardon and unknown tenants, Case #09-009258(11) for Eviction and other relief. In accordance with the terms and amounts set forth in paragraph 1.vi below, W.B. Care Center LLC shall immediately pay all current and past due rent pursuant to the terms of the Lease Agreement ("Lease") dated June 30, 2008 between W.B. Care Center LLC, Tenant and Institutional Leasing I LLC, Landlord. The dismissal with prejudice does not prejudice the enforcement of the rights of the Parties as to any alleged future non performance.

2

    ii.    Paragraph 14.6 of the Lease is Amended to allow Patrick Reardon to receive a salary, for as long as he is the licensed administrator for said Facility of $125,000.00 per annum from W.B. Care Center LLC. Additionally, QIS Management LLC (or any other management company at Reardon's discretion which has been pre-approved by Institutional Leasing I LLC) may receive a management fee of up to $19,600.00 per month as long as the financial statements of WB Care Center LLC reflect a net profit averaging $40,000.00 monthly based on a 3 month trailing average.

    iii.    The Lease is amended to provide that in the event of a G TAG the Lease shall not be deemed automatically in default, rather, W.B. Care Center LLC shall have such G TAG cleared by the applicable governing agency within the time allotted by said governing agency, but in no event later than sixty (60) days from the issuance of the G TAG. The Lease is further amended to provide that with respect to other alleged non monetary breaches W.B. Care Center LLC shall have the lesser cure period (a) as required by statute or regulations; (b) any agreement between any lessor, any lender or financing agent or authority; or (c) ten (10) days; provided, further nothing in this sentence shall be construed or applied to provide any cure period in the event W.B. Care Center LLC breaches its insurance obligations under the Lease.

3

iv. The Lease is amended to provide that the minimum occupancy requirement to prevent a default for the nursing home shall be changed from 88% to 80% of 120 licensed beds.

v. As provided in the Lease W.B. Care Center LLC shall use contactors from the list of Landlord approved Contactors for maintenance work at the Facility as long as one is available.

vi. Millennium Management LLC shall forthwith cause to be deposited in W.B. Care Center LLC's bank account all funds in its possession custody and control that it has received from Medicare, Medicaid private pay or any other source relating to W.B. Care Center LLC and its patients, less $188,000.00 for February and March rent and March impoundment fees (insurance and taxes, etc.,) which Millennium Management LLC shall immediately cause to be paid to Institutional Leasing I LLC. Thereafter W.B. Care Center shall pay any past due impoundment fees ( taxes and insurance, etc ) due under the Lease within ninety days (90) hereof (which Institutional Leasing 1 LLC estimates to be less than $75,000.00) and shall remain current in its payment of impoundment fees going forward throughout the remainder of the term of the Lease.

vii. Timothy Patrick Reardon shall be the sole signatory on all accounts and checks relating to W.B. Care Center LLC and no disbursements, payment or use of W.B. Care Center funds shall be made without his written authority.

4

viii. W.B Care Center LLC, at its option may use Adelpo and if it selects not to utilize Adelpo it may still use Millennium to process Accounts Payable and processing of invoices.

ix. W.B. Care Center stipulates and agrees pursuant to the terms of this Settlement Agreement and as a part of this Order Approving and Adopting that Settlement Agreement that Institutional Leasing I LLC has a valid and perfected Security Interest for any and all indebtedness that is now and/or hereafter owed pursuant to, *inter alia*, its Security Agreement and UCC-1's that are presently in existence and/or those that may be created in the future.

x. Subject to and expressly excluding the terms of this Settlement Agreement and save and except the various loan documents, Back Office Agreements, Leases, and other documents/agreements ("Agreements") which Agreements as modified herein shall stay in full force and effect the Parties on behalf of themselves, and their respective agents, officers, directors, managers, predecessors, assigns, successors, affiliates, partners, and stockholder, hereby mutually release the other, and the other's respective agents, officers, directors, managers predecessors, assigns, successors, affiliates, partners and stockholders of and from any and all manners of actions, causes of action suits, debts, dues, sums of money, accounts, controversies, wrongs, damages, claims and demands, including but not limited to attorneys' fees and costs, whatsoever, in law and equity,

5

which the Parties now have from the beginning of time to the date of the Settlement Agreement, February 27, 2009.

    xi.    More specifically the Agreements shall, otherwise, be in full force and effect and shall not be deemed amended except as expressly agreed pursuant to the terms of the Settlement Agreement.

2.    In approving the Settlement Agreement this Court finds that the Settlement Agreement is in the best interests of the estate, its creditors, the nursing home patients and, their employees and that the Debtor is well within its business judgment in entering into the Settlement Agreement.

3.    Creditors and interested parties shall have twenty days from the date of this Order to file a written Objection to the terms of the Settlement Agreement and this Order approving the Settlement Agreement and in the event a written objection is timely filed a hearing on such objection shall be held on ~~March~~ April 14, 2009 at ~~9:00~~ 10:30 a.m. at 299 East Broward Blvd., Courtroom 301, Fort Lauderdale, Florida 33301.

4.    As a result of this Court's approval of the Parties' Settlement Agreement, Debtor's Emergency Motion for Turnover and other relief (C.P. # *6*) is **Denied as moot**.

5.    This case is immediately dismissed without prejudice and any automatic stay which arose by the filing of the present Chapter 11 case is hereby annulled, however, such dismissal and annulment are subject to the right of any creditor or interested party to file a written objection to the Dismissal and annulment within twenty (20) days of the date of this Order. In the event a written objection is timely filed a hearing on such objection shall be held on ~~March~~ April 14, 2009 at ~~9:00~~ 10:30 a.m. at 299 East Broward Blvd., Court Room 301, Fort Lauderdale, Florida, 33301. In the event no written objection is timely filed this case shall be deemed

6

dismissed without prejudice and the automatic stay annulled without further order of the Court. The Court shall retain jurisdiction over this matter to enforce the terms of this Settlement Agreement and Order.

6. Any written objection to this Order shall be must be timely filed with the Clerk of Court and served on Debtor's counsel, Thomas L. Abrams, 1776 North Pine Island Road, Suite 309, Plantation, Florida 33322, the US TRUSTEE c/o Ariel Rodriguez, Esq., 51 S.W. 1st Avenue, Miami, Florida 33130, and counsel for Millennium Management LLC and Institutional Leasing I LLC, Lawrence Gordich, Ruden McCloskey, et al., 701 Brickell Avenue, Suite 1900, Miami, Florida 33131, and Michael I. Bernstein, Michael I. Bernstein P.A., 1688 Meridian Avenue, Suite 418, Miami Beach, Florida 33139.

7. The deadlines for the Debtor, W.B. Care Center LLC to comply with the Clerk of Court's Notice of Deadline to Correct Filing Deficiency To Avoid Dismissal of Case Without Further Notice (D.E. #8) and the Clerk of Court's Notice of Deadline to File Required Documents and/or Correct Filing Deficiencies( D.E. #9) is excused based on the dismissal of this case on negative notice and the Clerk is instructed not to Dismiss this case for failure to file any requisite documents as this Order constitutes a dismissal **without prejudice** subject to negative notice to all creditors and interested parties.

8. The Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 USC Section 1930(a)(6) within ten (10) days of the entry of this Order and simultaneously provide to the United States Trustee and appropriate affidavit indicating the cash disbursements for the relevant period from the date of filing the petition.

9. The Debtor shall pay the Bankruptcy Clerk of the Court any outstanding fees, costs and charges in connection with this case within ten (10) days of this Order.

####

**Submitted by:**

Thomas L. Abrams, Esq.
Gamberg & Abrams
1776 N. Pine Island Road, Suite 309
Fort Lauderdale, FL 33322
Phone: (954) 523-0900
Facsimile: (954) 915-9016
Email: tabrams@tabramslaw.com

**Copy to:** Thomas L. Abrams, Esq. shall mail a conformed copy of this Order, immediately upon receipt to all creditors, notice of appearances, U.S. Trustee, parties in interest and shall file a certificate of service.

8