**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re:                                                           Chapter 11

W.B. CARE CENTER LLC                        Case No. 09-26196-BKC-JKO
d/b/a WEST BROWARD CARE CENTER

     Debtor.
_____/

*EMERGENCY* **JOINT MOTION OF INSTITUTIONAL**
**LEASING 1, LLC AND DEBTOR, W.B. CARE CENTER, LLC FOR (I) CONTINUED**
**USE OF CASH COLLATERAL AND ADEQUATE PROTECTION,** *NUNC PRO TUNC*
**FROM OCTOBER 17, 2009 TO OCTOBER 27, 2009 AND (II) FOR A HEARING ON**
**CONTINUED USE OF CASH COLLATERAL AND ADEQUATE PROTECTION**

---

**STATEMENT IN COMPLIANCE WITH LOCAL RULE 9075-1**

*Reason for Exigency*: This Motion should be heard on an emergency basis because the Second Interim Cash Collateral period expired on October 17, 2009. Institutional and Debtor have agreed to Debtor's continued use of Cash Collateral and Institutional's adequate protection under the terms approved by the Court at the September 17, 2009 hearing from October 17, 2009 through October 27, 2009. Moreover, because the Second Interim Cash Collateral Period expired, Institutional and Debtor seek an emergency hearing to consider Debtor's continued use of Cash Collateral and Institutional's continued adequate protection.

*Date by which hearing must be held*: On Tuesday, October 27, 2009 at 2:30 PM, along with other presently set matters, or at another date and time convenient for the Court.

*Certification of bona fide effort to resolve matter*: Debtor and Institutional have agreed to the relief requested herein, but seek entry of an Order by the Court concerning Debtor's continued use of Cash Collateral and Institutional's adequate protection under the terms approved by the Court at the September 17, 2009 hearing from October 17, 2009 through October 27, 2009 and also request a hearing to continue use of Cash Collateral and Institutional's continued adequate protection. Accordingly, Debtor and Institutional request a hearing on this matter.

---

Secured Creditor, Institutional Leasing 1, LLC ("**Institutional**"), and Debtor, W.B. Care Center, LLC ("**Debtor**"), pursuant to 11 U.S.C. § 105, 361, 362 and 363, Federal Rules of Bankruptcy Procedure 4001 and 9013, and Local Rules 4001-2, 9013-1 and 9075-1, moves the

Court ("**Motion**") on an emergency basis for entry of an Order: (i) authorizing Debtor's use of cash collateral, as that term is defined in 11 U.S.C. 363(a) ("**Cash Collateral**") and Institutional's adequate protection, *nunc pro tunc*, from October 17, 2009 to October 27, 2009 and (ii) setting the issue of Debtor's continued use of Cash Collateral and Institutional's continued adequate protection for hearing on October 27, 2009 at 2:30 PM.  In support of this Motion, Institutional states as follows:

**PRELIMINARY STATEMENT**

The Court last addressed Debtor's use of Cash Collateral at the hearing on September 17, 2009. There, Debtor and Institutional agreed to, and the Court approved, Debtor's use of Insitutional's Cash Collateral conditioned upon Debtor providing Institutional with adequate protection for a second interim period from September 17, 2009 to October 17, 2009 ("**Second Interim Period**"). The Second Interim Period expired on October 17, 2009. The next hearing in this matter is scheduled for October 27, 2009. Accordingly, there is a gap period from October 17, 2009 to October 27, 2009, where Debtor is using Institutional's Cash Collateral not covered by any prior Court Order ("**Gap Period**"). Debtor and Institutional agree to Debtor's use of Institutional's Cash Collateral, conditioned upon Institutional's adequate protection, as approved by the Court at the September 17, 2009 hearing during the Gap Period. Further, Debtor and Institutional request that the Court consider Debtor's continued use of Cash Collateral and Institutional's adequate protection at the October 27, 2009 at 2:30 PM.

**MATERIAL TERMS OF DEBTOR'S USE OF CASH COLLATERAL AND INSTITUTIONAL'S ADEQUATE PROTECTION**

The material terms of Debtor's use of Institutional's adequate protection are as follows:

**Term: From October 17, 2009 to October 27, 2009.**

**Budget:** Debtor's use of Cash Collateral shall be in accordance with the budget attached as Exhibit A.

**Replacement Liens:** Institutional is granted and receives a first priority replacement lien and security interest on any and all types and forms of property of Debtor upon which it held a valid, enforceable, and unavoidable lien or security interest pre-petition. The replacement lien and security interest granted herein are valid, enforceable, and fully perfected, subject to the rights asserted by the Debtor under 11 U.S.C. §§547 and 548, and no filing or recordation or other act is necessary to grant or perfect these replacement liens.  Notwithstanding the foregoing, Debtor shall cooperate with Institutional to execute such documents as Institutional shall reasonably request to further evidence perfection of such replacement lien and security interest. This Interim Order shall constitute a "security agreement" under applicable non-bankruptcy law. The automatic stay imposed by 11 U.S.C. § 362 is modified to the extent necessary to permit Institutional to create and perfect its lien rights granted under this paragraph.

**Super-Priority Administrative Claim:** Institutional shall be entitled to a priority claim, upon proper showing to the Court, under 11 U.S.C. § 507(b) to the extent the payments and replacement liens shall be insufficient to compensate for any diminution in the value of Institutional's interest in Cash Collateral on the Petition Date and other property owned by Debtor encumbered by liens or security interests held by Institutional under the pre-petition loan documents between Institutional and Debtor, and such claim shall have priority over every other allowed claim pursuant to 11 U.S.C. § 507(a).

**Financial Reporting:** Debtor shall provide to Institutional the financial documents set forth on Exhibit B, within the timeframes set forth on Exhibit B.

**Further Liens Prohibited:**  During the Gap Period, Debtor shall not encumber or place any additional liens or security interests on any property owned by Debtor that is encumbered by a lien or security interest held by Institutional under the Institutional Loan Documents without the written consent of Institutional or an Order of the Court after written notice to Institutional and a hearing.

## BACKGROUND

1.     On August 5, 2009 ("**Petition Date**"), Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* ("**Bankruptcy Code**"). Debtor continues to operate its business and manage its affairs under Bankruptcy Code §§ 1107 and 1108.

2.      Institutional presently has a fully perfected senior security interest in Debtor's Cash Collateral.

3.      On August 5, 2009, Debtor filed an Emergency Motion seeking authorization to use Institutional's Cash Collateral and a determination that Institutional was adequately protected (D.E. 9) ("**First Cash Collateral Motion**"), which was set for hearing on August 7, 2009 ("**First Cash Collateral Hearing**").

4.      On August 6, 2009, Institutional filed a limited objection to Debtor's First Cash Collateral Motion (D.E. 20) ("**Limited Objection**") requesting certain adequate protection.

5.      Judge Kimball presided over the First Cash Collateral Hearing and granted the First Cash Collateral Motion subject to the adequate protection requested by Institutional in the Limited Objection.

6.      The Court set a second hearing concerning Debtor's use of Cash Collateral and Institutional's adequate protection on September 17, 2009 ("**Second Cash Collateral Hearing**").

7.      At the Second Cash Collateral Hearing, the Court approved Debtor's use of Cash Collateral and Institutional's adequate protection pursuant to Institutional's and Debtor's agreement stated on the record for the Second Interim Period from September 17, 2009 through October 17, 2009.

8.      Debtor acknowledges that as of the date and time of filing this Motion, it has not fully complied with the reporting requirements agreed to by the parties and approved by the Court at the First Cash Collateral Hearing and the Second Cash Collateral Hearing.

9.      Institutional's consent to Debtor's use of Cash Collateral during the Gap Period shall not be construed as Institutional's consent to Debtor's use of Cash Collateral beyond the Gap Period or a waiver of Institutional's right to object to Debtor's use of Cash Collateral after

October 27, 2009. Moreover, Institutional expressly reserves its rights to object to Debtor's continued use of Cash Collateral beyond October 27, 2009.

## REQUESTED RELIEF

10.     Because the Second Interim Period expired on October 17, 2009, and the next hearing set in this matter is on October 27, 2009, Debtor and Institutional seek entry of an Order:

A.     Authorizing Debtor's use of Cash Collateral and Institutional's adequate protection pursuant to the terms agreed to by the Debtor and Institutional and approved by the Court at the Second Cash Collateral Hearing during the Gap Period; and

B.     Setting Debtor's Continued use of Cash Collateral and Institutional's adequate protection for hearing with other presently set matters on October 27, 2009 at 2:30PM, or at another date and time convenient for the Court.

## AUTHORITY FOR REQUESTED RELIEF

11.     Bankruptcy Code § 363 permits Debtor to utilize Institutional's Cash Collateral pursuant: (i) an agreement between Debtor and Institutional or (ii) an Order entered by this Court. 11 U.S.C. § 363(c)(2). Here, Debtor and Institutional agree to Debtor's continued use of Cash Collateral from October 17, 2009 through October 27, 2009 provided that the Court enter an Order authorizing Debtor's use and granting Institutional adequate protection pursuant to the terms approved by the Court at the September 17, 2009 hearing. Thus, Bankruptcy Code § 363 permits the Court to grant the relief requested in the Motion.

## CONCLUSION

12.     Debtor and Institutional agree to the relief requested in the Motion. The material terms of such relief effectively were previously approved by the Court at the Second Cash Collateral Hearing. Finally, Debtor's use of Cash Collateral and Institutional's adequate

protection should be addressed by the Court as soon as practicable. According, good cause exists for the relief requested herein, which is more fully set forth in paragraph 8 above.

**WHEREFORE,** Debtor and Institutional respectfully request that this Court enter an Order: (i) authorizing Debtor's use of Cash Collateral and Institutional's Adequate Protection, *nunc pro tunc*, from October 17, 2009 through October 27, 2009; (ii) setting Debtor's continued use of Cash Collateral and Institutional's adequate protection for hearing on October 27, 2009; and (iii) granting all such further relief as the Court deems appropriate under the circumstances.

Dated:  October 23, 2009.

Respectfully submitted,

We  hereby certify that we are admitted to the Bar of the United States District Court for the Southern District of Florida and we are in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

/s/ *Patricia A. Redmond*

Patricia A. Redmond, Esq.
Fla. Bar No. 0303739
predmond@stearnsweaver.com
Kristopher E. Pearson
Fla. Bar No. 0016874
kpearson@stearnsweaver.com
STEARNS WEAVER MILLER
 WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower Building, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:     (305) 789-3259
Facsimile:     (305) 789-2624

Counsel for Institutional Leasing 1, LLC
G:\W-BANK\38950\001\Drafts\Emerg M-to Compel Payment of Rent.doc

/s/  Robert P. Charbonneau, Esq.

Robert P. Charbonneau, Esq.
Fla. Bar Number No. 96824
rpc@ecccounsel.com
EHRENSTEIN CHARBONNEAU
 CALDERIN
800 Brickell Avenue, Suite 902
Miami, Florida 33131
T. (305) 722-2002
F. (305) 722-2001

Attorney for the Debtor-in-Possession

**W.B. Care Center**
**Weekly Cash Budget**
**September 17 - October 28, 2009**

| | 9/17-9/23 | 9/24-9/30 | 10/01-10/7 | 10/8-10/14 | 10/15-10/21 | 10/22/-10/28 |
|---|---|---|---|---|---|---|
| Cash, Opening Balance | $318,789.69 | $556,018.08 | $263,574.48 | $151,163.47 | $75,834.92 | $123,983.51 |
| Collections: | | | | | | |
| Medicare A | 224,765.86 | 35,305.21 | 24,747.54 | | 20,198.00 | 308,000.00 |
| Medicare B | 18,317.68 | 2,873.04 | | | 27,000.00 | |
| Medicare Bi Weekly payment | | 10,000.00 | | 10,000.00 | | 10,000.00 |
| Medicaid | 23,335.28 | 9,648.39 | 18,000.00 | 482,000.00 | 10,000.00 | |
| Insurance | 3,738.00 | | 8,000.00 | | | 5,500.00 |
| Private | 7,980.29 | 3,730.40 | 16,403.15 | 20,000.00 | 8,000.00 | 4,000.00 |
| Hospice | 42,469.32 | 19,554.05 | | | | 52,000.00 |
| Total Collections | 320,606.43 | 81,111.09 | 67,150.69 | 512,000.00 | 65,198.00 | 379,500.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Disbursements: | | | | | | |
| Advertising Help Wanted | 936.25 | 936.25 | 936.25 | 936.25 | 401.25 | 936.25 |
| Ambulance Services | 310.00 | 310.00 | 310.00 | 310.00 | 132.86 | 310.00 |
| Automobile Mileage | 346.75 | 346.75 | 346.75 | 346.75 | 148.61 | 346.75 |
| Bank&Other Services Charges | | | | | | |
| Computer Maintenance | 2,500.00 | | 1,124.00 | | | 1,124.00 |
| Contract Services G & A | 1,416.50 | 1,416.50 | 1,416.50 | 1,416.50 | 607.07 | 1,416.50 |
| Consultants - Nursing | | | | | | |
| Consultants - Other 1 Therapy | | | 17,000.00 | | | 17,000.00 |
| Consultants - Other 2  Dilitian | | | | | | |
| Dietary Supplies | 668.00 | 668.00 | 668.00 | 668.00 | 286.29 | 668.00 |
| Dietary Equip Lease | | 27.00 | 211.00 | | | 211.00 |
| Dietary Supplements | 215.00 | 215.00 | 215.00 | 215.00 | 92.14 | 215.00 |
| Dues And Subscriptions | | | 827.63 | | | 827.63 |
| Electricity | 6,056.46 | | | | | 6,056.46 |
| Employee Examinations | 225.00 | 225.00 | 225.00 | 225.00 | 96.43 | 225.00 |
| Empl Insurance | | | | | | 41,929.82 |
| Employee Incentive Awards | 75.00 | 75.00 | 75.00 | 75.00 | 32.14 | 75.00 |
| Equipment Maintenance & Repair | 750.00 | 750.00 | 750.00 | 750.00 | 321.43 | 750.00 |
| Equipment/Furniture - Purchase and/or Lease | | | | | | |
| Housekeeping Supplies | 1,017.00 | 1,017.00 | 1,017.00 | 1,017.00 | 435.86 | 1,017.00 |
| Lab Expense | 30.00 | 30.00 | 30.00 | 30.00 | 12.86 | 30.00 |
| Lawns Landscaping | | | 895.00 | | | |
| Lease Expense Storage | | | 398.56 | | | 398.56 |
| Linen And Bedding | 461.00 | 461.00 | 461.00 | 461.00 | 197.57 | 461.00 |
| Loss Item | | | | | | |
| Maint Service Contracts | 76.35 | 76.35 | 371.01 | | | 371.01 |
| Maintenance Supplies | 100.00 | 100.00 | 100.00 | 100.00 | 42.86 | 100.00 |
| Medicaid Consultant | | | | | | |
| Medical Director | | | 5,000.00 | 12,500.00 | 5,357.14 | |
| Natural Gas | 779.66 | 1,188.86 | 1,025.76 | 866.00 | 371.14 | 1,025.76 |
| Nursing Supplies | 3,795.00 | 3,795.00 | 3,795.00 | 3,795.00 | 1,626.43 | 3,795.00 |
| Office Supplies | 725.00 | 725.00 | 725.00 | 725.00 | 310.71 | 310.71 |
| Other Expenses-Nsg Admin | 100.00 | 100.00 | 100.00 | 100.00 | 42.86 | 100.00 |
| Patient Refund | | | | | | |
| Petty Cash | | | | | | |
| Pharmaceuticals | | 38,000.00 | | | | 38,000.00 |
| Postage/Overnight Delivery | 110.00 | 110.00 | 110.00 | 110.00 | 47.14 | 110.00 |
| Property Lease Payment | | | 125,000.00 | 250,000.00 | | |
| Property Insurance | | | | | | |
| Raw Food | 10,892.00 | 10,892.00 | 10,892.00 | 10,892.00 | 4,668.00 | 4,668.00 |
| Repairs Maintenance | 623.50 | 623.50 | 623.50 | 623.50 | 267.21 | 623.50 |



EXHIBIT
A

W.B. Care Center
Weekly Cash Budget
September 17 - October 28, 2009

|  | 9/17-9/23 | 9/24-9/30 | 10/01-10/7 | 10/8-10/14 | 10/15-10/21 | 10/22/-10/28 |
|---|---|---|---|---|---|---|
| Resident Entertainment | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Supplies-Recreation |  |  |  |  |  |  |
| Telephone | 1,948.00 |  | 318.00 | 747.00 | 320.14 | 747.00 |
| Therapeutic Beds |  | 3,874.50 |  |  |  |  |
| Tim Reardon |  | 4,807.69 |  | 4,807.69 |  | 4,807.69 |
| Training Travel Tuition Mileage |  |  |  |  |  |  |
| Tv Cable | 1,153.90 |  |  |  |  | 1,153.90 |
| Waste Disposal Service |  |  | 3,592.18 |  |  | 3,592.18 |
| Water & Sewer |  |  |  | 2,135.62 | 915.27 | 2,135.62 |
| Xray Fees | 504.00 | 504.00 | 504.00 | 504.00 | 216.00 | 504.00 |
| Other Expenses - 1 Nsg Housing/Res Inn | 2,924.00 | 1,615.75 | 398.56 |  |  | 1,615.75 |
| Other Expenses - 2 Quality Assessment Fee | 44,539.67 |  |  |  |  |  |
| Other Expenses - 3 Gen.Liab Ins. |  |  |  |  |  | 12,124.33 |
| Quarterly Trustee Fees |  |  |  |  |  |  |
| Professionals |  |  |  |  |  |  |
| Other Court Fees - Mailing, etc. |  |  |  |  |  |  |
| CAPITAL EXPENSE ITEMS |  |  |  |  |  |  |
| CONSTRUCTION IN PROGRESS |  |  |  |  |  |  |
| TOTAL PAYROLL EXPENSE |  | 300,564.54 |  | 292,872.24 |  | 275,000.00 |
|  |  |  |  |  |  |  |
| Total Disbursements | $83,378.04 | $373,554.69 | $179,561.70 | $587,328.55 | $17,049.41 | $424,882.42 |
|  |  |  |  |  |  |  |
| Net Cash, End of Period | $556,018.08 | $263,574.48 | $151,163.47 | $75,834.92 | $123,983.51 | $78,601.09 |

WB Chapter 11
List of Schedules to be provided

Immediate
    Any communication from /to any Federal or State regulatory/licensing/reimbursement agency
    Any notification of litigation

Daily
    Census by payer (format attached)
    Admissions by payor
    Schedule of Cash receipts by payor source- including copies of deposits and remits as appropriate
    Schedule of  Non-salary Cash disbursements (checks, wires...) by vendor with backup
    Daily cash balances for all accounts

Weekly
    Billing by payor by week
    Budget Actual variance report
    MDS submissions as appropriate

Bi-Weekly
    On Payday- Payroll detail
    All employee withholdings by grouping (FICA, FIT, SSI, Health Ins, Garn.....)
    Accounts Receivable Roll forward (Opening AR plus revenue less collections less allowances less writeoffs/other=closing AR for the period)
    Cash Collateral budget -biweekly or as scheduled by the court (See Schedule Previously Sent)

Monthly
    Monthly operating report (on the 20th of the following month)
    Bank statements and reconciliations for all accounts
    Accounts receivable aging by payor
    Accrual based P&L for the month
    Accounts Payable Aging



EXHIBIT
B

| MONTH | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|---|
| **West Broward** | | | | | | | | |
| Private | | | | | | | | |
| Medicare | | | | | | | | |
| Insurance and Other | | | | | | | | |
| Medicaid/Hospice | | | | | | | | |
| Bed Holds | | | | | | | | |
| TOTAL | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Vacancy | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 |
| % of occupancy | 0% | 0% | 0% | 0% | 0% | 0% | 0% | 0% |

| 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 |
|---|----|----|----|----|----|----|----|----|----|
|   |    |    |    |    |    |    |    |    |    |
|   |    |    |    |    |    |    |    |    |    |
|   |    |    |    |    |    |    |    |    |    |
|   |    |    |    |    |    |    |    |    |    |
|   |    |    |    |    |    |    |    |    |    |
|   |    |    |    |    |    |    |    |    |    |
| 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 |
| 0% | 0% | 0% | 0% | 0% | 0% | 0% | 0% | 0% | 0% |

| 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 |
|----|----|----|----|----|----|----|----|----|----|
|    |    |    |    |    |    |    |    |    |    |
|    |    |    |    |    |    |    |    |    |    |
|    |    |    |    |    |    |    |    |    |    |
|    |    |    |    |    |    |    |    |    |    |
|    |    |    |    |    |    |    |    |    |    |
| 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 |
| 0% | 0% | 0% | 0% | 0% | 0% | 0% | 0% | 0% | 0% |

| 29 | 30 | 31 | MTD | Total |  |
|----|----|----|-----|-------|--|
|    |    |    | #DIV/0! | 0 | **Vacancy** |
|    |    |    | #DIV/0! | 0 | |
|    |    |    | #DIV/0! | 0 | |
|    |    |    | #DIV/0! | 0 | |
|    |    |    | #DIV/0! | 0 | |
| 0 | 0 | 0 | 0 | 0 | **120** |
| 120 | 120 | 120 | 120 | 3720 | |
| 0% | 0% | 0% | 0% | 0% | |