

**ORDERED in the Southern District of Florida on November 13, 2009.**

John K. Olson, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

In Re:                                                                                       Chapter 11

W.B. CARE CENTER LLC                                                Case No. 09-26196-BKC-JKO
d/b/a WEST BROWARD CARE CENTER

____Debtor._____/

### ORDER PRELIMINARILY APPROVING SETTLEMENT AGREEMENT AND SETTING FURTHER HEARING

THIS MATTER came before the Court on Wednesday, November 12, 2009 at 9:30 a.m. (the "Hearing") upon this Court's *Order Directing Examiner to Facilitate Settlement Conference, Setting a Status Conference for November 12, 2009 at 9:30 a.m. and Rescheduling Matters (D.E. 49, 124 and 151) set for Hearing on November 12, 2009 at 10:30 a.m. for November 12, 2009 9:30 a.m*. (the "Order") [D.E. # 164]. The Debtor and Institutional were physically present in Court through their respective counsel, and the Office of the United States Trustee and the Examiner, Soneet Kapila (the "Examiner") attended the Hearing telephonically. At the Hearing, counsel for the Debtor and Institutional presented a settlement

agreement (the "Settlement Agreement") by and among: (i) the Debtor, W.B. Care Center LLC d/b/a West Broward Care Center (the "Debtor"); (ii) Timothy Reardon, individually ("Reardon"); (iii) QIS Management, LLC ("QIS"); (iv) T.R., LLC ("TR"); (v) Institutional Leasing 1, LLC ("Institutional"); (vi) Millennium Management, LLC ("Millennium"); (vii) Abraham Shaulson, individually ("Shaulson"); West Broward Group, LLC ("WBG") and Eli Strohli, individually ("Strohli")(individually referred to as "Party" or when referred to collectively, the "Parties").  Counsel for the Debtor and Institutional presented the salient terms of the Settlement Agreement to the Court, and those parties either served with the Order and notice of hearing thereon, or present at the Hearing had an opportunity to the Debtor and Institutional concerning the terms of the Settlement Agreement.

The Court has reviewed the Settlement Agreement, and preliminarily finds that the terms of settlement reached by the Parties are reasonable under the circumstances.  The Court notes that upon preliminary approval of the Settlement Agreement, Timothy Reardon and any other person acting in the capacity of nursing home administrator shall resign and shall not return to the Debtor's facility, other than to recover personal items under the supervision of Examiner Kapila. The Court does recognize, however, the need for a further hearing so that all creditors and parties in interest are afforded the requisite due process of reviewing and being heard on the Settlement Agreement under F.R.B.P. 9019.  Based upon the foregoing, the Court **ORDERS** as follows:

1. The Settlement Agreement is APPROVED on a preliminary basis.

2. Timothy Reardon and any other person acting in the capacity of nursing home administrator shall resign and shall not return to the Debtor's facility, other than to recover personal items under the supervision of Examiner Kapila.

3. The Debtor shall file and serve a motion to approve the Settlement Agreement under F.R.B.P. 9019, (the "9019 Motion") and serve that motion, as well as the Settlement Agreement, in accordance with this Court's Order Establishing Limited Notice Pursuant To 11 U.S.C. §§105(a) and 1102, Federal Rules of Bankruptcy Procedure 2002 and Local Rules 1007-2 and 2002-1(K) (the "Order Limiting Notice").

4. By separate motion and order, the Court shall shorten the time for giving notice of the 9019 Motion so that it may be heard on November 19, 2009 at 1:30 p.m. at **United States Bankruptcy Court, 299 East Broward Blvd, CTRM#301, Ft. Lauderdale, Florida 33301** Motion is **GRANTED.**

Submitted by:

Robert P. Charbonneau
Florida Bar No. 968234
rpc@ECClegal.com
Ehrenstein Charbonneau Calderin
Proposed Attorneys for Debtor-in-Possession
800 Brickell Avenue
Suite 902
Miami, Florida 33131
T. 305.722.2002     F. 305.722.2001

(Copy to: Mr. Charbonneau, who is directed to serve a conforming copy upon all interested parties.)

#78704 v1

3