**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In Re: | Chapter 11 |
| W.B. CARE CENTER LLC | Case No. 09-26196-RBR |
| d/b/a WEST BROWARD CARE CENTER | |
|      Debtor.     / | |

**DEBTORS' MOTION TO FIX BAR DATE FOR FILING APPLICATIONS
SEEKING ADMINISTRATIVE EXPENSES AND TO DESIGNATE
FORM AND MANNER OF NOTICE OF BAR DATE**

**[EXPEDITED HEARING REQUESTED ON DECEMBER 30, 2009]**

**Basis for Expedited Relief**

Resulting from the poor accounting of the previous administrator, the Debtor is currently unaware of the extent of administrative expenses incurred since the Petition Date. Accordingly, the Debtor brings this motion on an expedited basis to set an administrative expense bar date. This matter does not lend itself to advance resolution with all creditors and parties in interest in this case. Accordingly, the Debtor requests that the requirements of Local Rule 9075-1 be waived.

**W.B. CARE CENTER LLC d/b/a WEST BROWARD CARE CENTER,** (the "Debtor"), by and through undersigned counsel, moves on an expedited basis pursuant to 11 U.S.C. §§ 105(a), 105, 502, and 503 of the United States Code (the "Bankruptcy Code") and Rules 3003(c)(3) and 2002(a)(8) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for the entry of an order (i) fixing the time within which applications seeking administrative expense status must be filed against the Debtor in this case (the "Administrative Expense Bar Date"); and (ii) designating the form and manner in which notice of the Administrative Expense Bar Date shall be given. In support of this Motion, the Debtor states as follows:

1

## JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein is 11 U.S.C. §§ 105(a), 105, 502, and 503, and Bankruptcy Rules 3003(c)(3) and 2002(a)(8).

## BACKGROUND

3. On August 5, 2009, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date"). The Debtor is operating its business and managing its affairs as a debtor-in-possession pursuant to 11 U.S.C. 1107(a) and 1108.

4. For a more thorough account of the Debtor's organizational background, business operations and the events precipitating this chapter 11 filing, the Debtor respectfully refers the Court to the Settlement Agreement attached to the *Debtor's Motion for Approval of Settlement Agreement Between Debtor, W.B. Care Center, LLC and Institutional Leasing 1, LLC Pursuant to Fed. R. Bankr. P. 9019* [D.E. 170] as Exhibit A.

5. On October 30, 2009, this Court ordered the appointment of a chapter 11 Examiner (the "Examiner Order") [D.E.# 143].

6. On November 2, 2009 and pursuant to the Examiner Order, the Office of the United States Trustee appointed Soneet Kapila as chapter 11 Examiner (the "Examiner"). [D.E.# 145].

**BASIS FOR REQUESTED RELIEF**

7. Rule 3003(c)(3) of the Bankruptcy Rules provides in part that "[t]he Court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Bankruptcy Rule 3003(c)(3) does not expressly provide for the establishment of an administrative expense claim bar date, and no other Bankruptcy Rule expressly provides for the creation of an administrative expense claim bar date in chapter 11 cases. Notwithstanding the foregoing, pursuant to Sections 105, 502, and 503 of the Bankruptcy Code and Bankruptcy Rule 3003, the Court may establish a bar date for the filing of applications seeking administrative status. As the Court is aware, the practice of setting administrative claims bar dates is embraced in the bankruptcy courts for the Southern District of Florida. *See, e.g., In re Levitt and Sons, LLC et al.*, Chapter 11, Case No. 07-19845-BKC-RBR (D.E. 4249, Bankr. S.D. Fla. Jan. 5, 2009); *In re Pharmed Group Holdings, Inc. et al.*, Chapter 11 Case No. 07-19187-BKC-RAM (D.E. 324, Bankr. S.D. Fla. Feb. 26, 2008).

8. The Debtor seeks the entry of an Order fixing the Administrative Expense Bar Date on January 20, 2010. Notably, Bankruptcy Rule 2002(a)(7) requires only twenty one (21) days' notice of a claims bar date. The Administrative Expense Bar Date requested herein would provide the Debtor with sufficient time to review and analyze all applications that seek Administrative Expense status and will allow the Debtor the opportunity to propose to the Court a means of adjudicating these applications. Furthermore, it would enable the Debtor to quantify the administrative expenses the Estate has incurred since the Petition Date.

**THE FORM AND MANNER OF NOTICE OF THE ADMINISTRATIVE BAR DATE**

9. Bankruptcy Rule 2002(a)(7) requires that all creditors be given not less than twenty one (21) days' notice by mail of a claims bar date. Nothing in the Bankruptcy Rules excludes an administrative bar date from this requirement. If the Court grants this Motion and

executes the Order granting the Motion at the December 30, 2009 hearing, the Debtor will immediately notice creditors and parties-in-interest with the Order, and creditors and parties-in-interest will have notice of the Administrative Expense Bar Date within the parameters of Rule 2002(a)(8).

10. Bankruptcy Rule 2002 further provides that the Court "may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." Fed.R.Bankr.P. 2002(m).

11. The Debtor proposes that notice of the Administrative Expense Bar Date be approved in this case substantially in the form attached hereto as **Exhibit A** (the "Proposed Notice").  The Debtor respectfully submits that the Proposed Notice is sufficient in order to notify claimants of the need to file an application for payment of their respective claims as an Administrative Expense if they wish to assert such status.

12. The Debtor further proposes that the Proposed Notice be sent to: (i) all creditors of the Debtor set forth on the mailing matrix; (ii) all appearances in the case; (ii) all present employees of the Debtor; (iii) to the extent ascertainable, all employees of the Debtor as of the Petition Date who have been terminated or resigned post-petition.  The Debtor further requests that it be authorized to publish the Proposed Notice in a publication of general circulation in Broward, Miami-Dade and Palm Beach Counties, and that such publication notice, together with notice upon the Matrix and Debtor's past and present employees, as specified herein, be sufficient notice of the Administrative Expense Bar Date.

13. **Emergency Hearing Requested on December 30, 2009.** The Debtor requests that this Motion be heard at the same hearing as is currently set for consideration of Debtor's motion to approve the settlement agreement. Hearing and approving this Motion quickly will

4

enable the Debtor to better ascertain the nature and extent of its administrative claimants on or about the time of the final hearing on the Debtor's Debtor-in-Possession financing motion, which the Debtor anticipates will be set shortly after the proposed Administrative Expense Bar Date.

**WHEREFORE**, the Debtors respectfully request that the Court enter an Order:

(i) Setting a hearing on this Motion on December 30, 2009.

(ii) Granting this Motion and fixing Wednesday, January 20, 2010, as the last date by which applications for Administrative Expenses must be filed by parties seeking to assert Administrative Expense status;

(iii) Approving the Proposed Notice attached hereto as **Exhibit A** as the form of the notice of the Administrative Expense Bar Date; and

(v) Granting such other and further relief as the Court deems appropriate.

*I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am qualified to practice in this Court as set forth in Local Rule 2090-1(A).*

**EHRENSTEIN CHARBONNEAU CALDERIN**
Attorneys for Debtor-in-Possession
501 Brickell Key Drive, Suite 300
Miami, Florida 33131
T 305.722.2002    F 305.722.2001

By:     __/s/ Robert P. Charbonneau_____
          Robert P. Charbonneau, Esq.
          Florida Bar Number: 968234
          rpc@ecclegal.com
          David R. Rothenstein
          Florida Bar Number: 72704
          drr@ecclegal.com

5

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In Re:                                                                                    Chapter 11

W.B. CARE CENTER LLC                                          Case No. 09-26196-RBR
d/b/a WEST BROWARD CARE CENTER

_____Debtor._____/

**NOTICE OF BAR DATE FOR FILING APPLICATIONS FOR ADMINISTRATIVE EXPENSE CLAIMS**

**NOTICE IS GIVEN THAT** on December 30, 2009, the United States Bankruptcy Court for the Southern District of Florida (the "Court") entered an *Order Granting Debtor's Motion to Fix Bar Date for Filing Applications seeking Administrative Expenses and to Designate Form and Manner of Notice of Bar Date* (D.E. ____) fixing January 20, 2010 as the deadline for asserting Administrative Expense Claims against W.B. CARE CENTER LLC d/b/a WEST BROWARD CARE CENTER (the "Debtor"). Any party who intends to assert an Administrative Expense Claim against the Debtor must file an application with the Court seeking the allowance of said Administrative Expense Claim on or before the above-mentioned date at the following address:

Office of the Clerk, U.S. Bankruptcy Court
51 S.W. 1st Avenue, Room 1517
Miami, FL 33130

A copy of the Application must also be served upon:

Ehrenstein Charbonneau Calderin
Attn: Robert P. Charbonneau, Esq.
501 Brickell Key Drive, Suite 300
Miami, FL 33131

**NOTICE IS FURTHER GIVEN THAT** failure to assert an Administrative Expense Claim as set forth in this Notice shall preclude and bar any such claimant from asserting an Administrative Expense Claim after the Bar Date set forth herein.

**Notice Provided By:**
Robert P. Charbonneau, Esq.
Ehrenstein Charbonneau Calderin
Counsel for the Debtors-in-Possession
501 Brickell Key Drive, Suite 300
Miami, FL  33131