# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

IN RE:

W.B. CARE CENTER, LLC

CASE NO. 09-26196-BKC-JKO
CHAPTER 11

Debtor(s) _____/

## SUMMARY OF SECOND INTERIM FEE APPLICATION OF MARCUMRACHLIN, A DIVISION OF MARCUM LLP ACCOUNTANT FOR CHAPTER 11 DEBTOR

1. Name of applicant: ..........................................MarcumRachlin, a division of Marcum LLP.
2. Role of applicant: ........................................................................... Accountant for Trustee
3. Name of certifying professional: ................................................................. John L. Heller
4. Date case filed: ............................................................................... August 5, 2009
5. Date of application for employment:........................................................October 2, 2009
6. Date of order approving employment: ..................................................... December 8, 2009
7. If debtor's counsel, date of Disclosure of Compensation form:.....................................N/A
8. Date of this application: ....................................................................January 29, 2010
9. Dates of services covered:..............................................................12/01/09-1/31/10
10. If Chapter 7, amount Trustee has on hand..................................................................$0.00

**Fees...**

11. Total fee requested for this period (from Exhibit 1): ............................................$36,473.50
12. Balance remaining in fee retainer account, not yet awarded: .......................................$0.00
13. Fees paid or advanced for this period, by other sources: ............................................$0.00
**14. Net amount of fee requested for this period: ...................................................$36,473.50**

**Expenses...**

15. Total expense reimbursement requested for this period: ...........................................$64.76
16. Balance remaining in expense retainer account, not yet received: ...............................$0.00
17. Expenses paid or advanced for this period, by other sources: ......................................$0.00
**18. Net amount of expense reimbursements requested for this period:.....................$64.76**
19. Gross award requested for this period (#11 + #15):.............................................$36,538.26
**20. Net award requested for this period (#14 + #18):............................................$36,538.26**
21. If Final Fee Application, amounts of net awards requested in interim applications but not previously awarded (total from History of Fees and Expenses, following pages): ......................................$0.00
**22. Total fee and expense award requested (#20 + #21):…………………………..$36,538.26**

**<u>History of Fees and Expenses</u>**

1.      Dates, sources, and amounts of retainers received:

      <u>Dates</u>           <u>Sources</u>             <u>Amounts</u>           <u>For fees or costs?</u>

2.      Dates, sources, and amounts of third party payments received:

      <u>Dates</u>            <u>Sources</u>             <u>Amounts</u>           <u>For fees or costs?</u>

3.      Prior fee awards:

**<u>Prior Fee Awards</u>**

**First interim application…**

Dates covered by first application:  9/24/09 – 11/30/09

Amount of fees Requested:                $   40,895.00

Amount of expenses requested:           $

Amount of fees awarded:                   $   32,716.00

Amount of expenses awarded:             $

Amount of fee retainer authorized to be used:     $

Amount of expense retainer authorized to be used: $

# FEE APPLICATION

IN RE:

W.B. CARE CENTER, LLC            CASE NO. 09-26196-BKC-JKO
                                        CHAPTER 11

Debtor(s)_____/

## SECOND INTERIM FEE APPLICATION OF MARCUMRACHLIN, A DIVISION OF MARCUM LLP ACCOUNTANT FOR CHAPTER 11 DEBTOR

COMES NOW John L. Heller, Senior Manager of MarcumRachlin, a division of Marcum, LLP., (MarcumRachlin) and files this Second Application for Interim Compensation of fees for services rendered and costs incurred in this Chapter 11 proceeding. This application is filed pursuant to 11 U.S.C. § 330 and Bankruptcy Rule 2016, and meets all of the requirements set forth in the Guidelines incorporated in Local Rule 2016-1(B)(1). The exhibits attached to this application, pursuant to the Guidelines Exhibit "1" (a) and (b) – The applicant's Summary of Professional and Paraprofessional time, Exhibit "2" – The applicants summary of requested reimbursement of expenses and Exhibit "3" – The applicants complete time records, in chronological order, by activity code category, for the time period covered by this application. The requested fees are itemized to the tenth of an hour.

The applicant believes that the requested fee, of **$36,476.50** for 150.9 hours worked, is reasonable considering the twelve factors enumerated in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Circuit 1974), made applicable to bankruptcy proceedings by <u>In re First Colonial Corp. of America</u>, 544 F.2d 1291 (5th Cir. 1977), as follows:

1.      MarcumRachlin, a division of Marcum LLP, was appointed to represent the Debtor in connection with this case pursuant to an order entered by this Court on December 8, 2009. The services rendered on behalf of the Debtor have been performed by John L. Heller , Senior Manager; Josh Shilts, Senior Staff Accountant; and Lisa R. Owens, Associate.

2.      The Applicant makes this Application for interim compensation for professional services rendered in accordance with the above-mentioned employment. This application covers fees for

services performed from December 1, 2009 through January 31, 2010.   All services for which compensation is requested were performed for the benefit of the Debtor Estate.

3.      No compensation has been or will be shared with any person or party, other than among partners and regular associates of the Applicant.   No agreement or understanding exists between Applicant and any other person for the sharing of compensation received or to be received for services rendered or in connection with this case.

## CASE STATUS

The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on August 5, 2009.  Since the inception of the case, the Applicant has assisted the Debtor and Debtor's Counsel with preparing cash collateral budgets, assisting the Debtor with cash and operations management, interviewing prospective comptrollers, monthly Budget versus Actual analysis, monthly bank reconciliations, preparing Debtor-in-Possession reports and communicating with the Internal Revenue Service regarding payroll taxes.   The Applicant also attended the Settlement Conference as directed by the Court in order to assist Debtor.

4.      <u>Amount Involved and the Result Obtained.</u>   While performing his duties, Applicant has been involved in numerous aspects of this case.   In particular the Applicant has rendered accounting services to the Debtor in the following categories.

<u>Litigation Consulting</u>

The Applicant spent 46.3 hours for fees of $12,492.50 in assisting Debtor's Counsel, Examiner and Millennium with Cash Collateral Budget and DIP financing.   Applicant corresponded with Facility Administrator and Receiver regarding transition of banking.  Applicant attended and testified at the cash collateral hearing as well as attending §363 sale.   Applicant teleconferenced with SEIU Union Representative regading Union claims.   Applicant worked closely with Regions Bank and Counsel regarding unauthorized transfer of $23,000 and recovery of same.   Applicant corresponded with Millennium and Counsel regarding Debtor bounced check to Panthers Arena and Arena's claim regarding purchase of season box.

Accounting and Audit

The Applicant spent 38.8 hours for fees of $10,670.00 in meeting at Debtor location with Z. Shemeth and H. Fruman regarding operations, accounts payable, current cash on hand and prospective fraudulent transfers.    Applicant had numerous correspondence with Millennium personnel, Facility Administrator and Account Receivable personnel as to status of cash, accounts payable reconciliation, expected collections and payroll processing.    Applicant worked with administrator parties to plan upcoming cash needs.    Applicant reviewed open accounts payable report as of December 31, 2009 and directed recovery of Vendor information for administrative claims noticing.    Applicant continuously monitored Debtor banking activity and cash position in order to prepare for weekly payroll and payments to Vendors.

Tax Issues

Applicant spent 3.4 hours for fees of $935.00 in communication with Millennium regarding 2009 payroll tax and W-2 issues.

Case Administration

Applicant spent 53.5 hours for fees of $10,216.50 in preparation of November and December Debtor-in-Possession reports.    Applicant teleconferenced with Miami Awning regarding contract and deposits for new awning and cancellation of same.    Applicant compared monthly cash transations and payroll reports against bank statements in preparation for bank reconcilliations for November and December.    Applicant attended morning staff meeting with facility employees.    Applicant continuously updated deposits and disbursements in BMS.

Claims Analysis and Administration

Applicant spent 3.7 hours for fees of $1,017.50 the initial review of administrative claims. Applicant executed File-a-Claim correspondence for AT & T and responded to other vendor inquiries.

Business Operations

Applicant spent 1.6 hours for fees of $280.00 in an onsite visit to the facility and the review of facility's policies and procedures.

<u>Fee Application</u>

Applicant spent 3.6 hours for fees of $862.00 in the preparation of the First Interim Fee Application and attendance of fee hearing.

5.     <u>Time and Labor Required</u>.   The actual time records maintained by each principal, associate, senior and staff accountant, and/or paraprofessional performing services for the Debtor and Examiner fully document the **150.9** hours expended by the Applicant in performing the professional services on behalf of the Debtor and Examiner on this matter from December 1, 2009 through January 31, 2010.  These time records do not reflect every hour expended in matters such as telephone calls, routine correspondence, brief conferences and responses to taxing authorities and creditors requesting information concerning the status of these proceedings.  The time records do reflect the majority of the time expended in performing the services rendered to the estate.  A summary of the time reports is attached hereto as **EXHIBIT 1A**.

6.     <u>Skill Requisite to Perform the Accounting Services Properly</u>.  To perform the services and obtain the results previously enumerated above; the Applicant required substantial tax skills, accounting skills, and experience in the bankruptcy arena.

7.     <u>Preclusion of Other Employment by the Accountants Due to Acceptance of the Case</u>. Applicant is aware of no other employment, which was precluded by the acceptance of this case.  Had Applicant not accepted this appointment, the time spent on this case would have been devoted to other clients paying substantially the same hourly compensation on a current basis.

8.     <u>Customary Fee.</u>  Applicant is normally compensated on an hourly basis and customarily bills commercial clients on a monthly basis, based on hourly rates scaled from $65 per hour for paraprofessionals to $400 per hour for partners.

9.     <u>Whether the Fee is Fixed or Contingent</u>.  As accountant for the Trustee, Applicant's compensation for handling this matter is entirely contingent on Court approval and subject to such award as this Court may allow.

10.     <u>Experience, Reputation and Ability of the Accountant</u>.  Applicant is an established, experienced firm well known to this Court.  Applicant enjoys an excellent reputation and the individual

accountants assigned to this case have demonstrated substantial ability and skill in the fields of accounting, forensic investigation, internal control, and taxation.

11. <u>Nature and Length of the Professional Relationship with the Client</u>. The Applicant has represented the Examiner in both Chapter 7 & 11 cases since 1992.

12. <u>Awards in Similar Cases</u>. The amount prayed for by Applicant is not unreasonable in terms of awards in similar cases where comparable results have been obtained through the diligence and skill of the accountants. The fees requested by the Applicant, computed at the rates indicated in **Exhibit 1**, comport with the economic spirit of the Bankruptcy Code.

13. Applicant respectfully represents that the reasonable value of services rendered to the estate from December 1, 2009 through January 31, 2010 taking into account the relevant factors summarized above, including without limitation the hours of recorded time expended, is not less than **$36,473.50**, and reasonable costs of **$64.76.**

**WHEREFORE**, the Applicant moves the court for an award of interim compensation for services rendered as accountant to the Trustee for the period of time from December 1, 2009 through January 31, 2010, in the amount of 80% of the total fees of $36,473.50 or **$29,178.80** and costs in the amount of **$64.76**, and further that the Court authorize the prompt payment of the total fees and costs of **$29,243.56** to Applicant upon entry of an appropriate Order.

<u>Certification</u>

1. I have been designated by <u>MarcumRachlin, a division of Marcum, LLP.</u> (The "Applicant") as the professional with responsibility in this case for compliance with The current Mandatory Guidelines On Fees And Disbursements For Professionals In The Southern District of Florida Bankruptcy Cases (the "Guidelines").

2. I have read the Applicant's application for compensation and reimbursement of costs (the "Application").

3. To the best of my knowledge, information, and belief formed after reasonable inquiry, the Application complies with the Guidelines.

4.      To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines, except as specifically noted in this Certification and described in the Application.

5.      Except to the extent that fees or disbursements are prohibited or restricted by the Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients.

6.      In providing a reimbursable service or disbursement (other than time charged for paraprofessionals and professionals), the Applicant does not make a profit on that service or disbursement (except to the extent that any such profit is included within the permitted allowable amounts set forth in the Guidelines for photocopies and facsimile transmission).

7.      In charging for a particular service or disbursement, the Applicant does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission).

8.      In seeking reimbursement for a service, which the Applicant justifiably purchased or contracted for, from a third party, the Applicant is requesting reimbursement only for the amount billed to the Applicant by the third-party vendor and paid by the Applicant to such vendor.

9.      The trustee (if any), the examiner (if any), the chairperson of each official committee (if any), the debtor, the U.S. Trustee, and their respective counsel, will be mailed, simultaneously with the filing of the Application with the Court, a complete copy of the Application (including all relevant exhibits).

10.     The following are the variances with the provisions of the Guidelines, the date of the specific Court approval of such departure, and the justification for the departure:  NONE


I HEREBY CERTIFY that the foregoing is true and correct.


                                                              /s/ John L. Heller
Dated:     January 29, 2010                JOHN L. HELLER
                                                              MarcumRachlin, a division of Marcum, LLP
                                                              450 E. Las Olas Blvd, 9th Floor
                                                              Ft. Lauderdale, FL 33301
                                                              (954) 525-1040

## EXHIBIT 1A

### Summary of Professional And Paraprofessional Time

**Professionals:**

| Name: | Yrs. Exp Insolvency | Yrs. Exp Accounting | Total Hours | Hourly Rate | | Total Fee |
|---|---|---|---|---|---|---|
| John Heller | 16 | 16 | 117.7 | 275.00 | | 32,367.50 |
| Josh Shilts | | | 4.8 | 175.00 | | 840.00 |
| Lisa R. Owens | 2.5 | 2.5 | 28.4 | 115.00 | | 3,266.00 |
| **Subtotals:** | | | **150.9** | | **$** | **36,473.50** |

**Paraprofessionals:**

| Name: | Yrs. Exp Insolvency | Yrs. Exp Accounting | Total Hours | Hourly Rate | | Total Fee |
|---|---|---|---|---|---|---|
| | | | | | | |
| **Subtotals:** | | | | | **$** | |
| | | | | | | |
| **TOTALS:** | | | **150.9** | | **$** | **36,473.50** |

**Total Hours by Professionals and Paraprofessionals:**      **150.90**

**"Blended" Hourly Rate:**      **$**      **241.71**

**Total Professionals and Paraprofessionals Fees:**      **$**      **36,473.50**

<u>**EXHIBIT 1B**</u>

<u>**Summary of Professional And
Paraprofessional Time By
Activity Code Category**</u>

**ACTIVITY CODE CATEGORY: Tax Issues**

|  | Hours | Rate | | Total Fee |
|---|---|---|---|---|
| Professionals: | | | | |
| John L. Heller | 3.4 | 275.00 | | 935.00 |
| MATTER TOTALS: | <u>3.4</u> | | $ | <u>935.00</u> |

**ACTIVITY CODE CATEGORY: Fee Applications**

|  | Hours | Rate | | Total Fee |
|---|---|---|---|---|
| Professionals: | | | | |
| John L. Heller | 2.8 | 275.00 | | 770.00 |
| Lisa R. Owens | 0.8 | 115.00 | | 92.00 |
| MATTER TOTALS: | <u>3.6</u> | | $ | <u>862.00</u> |

**ACTIVITY CODE CATEGORY: Case Administration**

|  | Hours | Rate | | Total Fee |
|---|---|---|---|---|
| Professionals: | | | | |
| John L. Heller | 24.2 | 275.00 | | 6,655.00 |
| Josh Shilts | 3.2 | 175.00 | | 560.00 |
| Lisa R. Owens | 26.1 | 115.00 | | 3,001.50 |
| MATTER TOTALS: | <u>53.5</u> | | $ | <u>10,216.50</u> |

**ACTIVITY CODE CATEGORY: Accounting and Audit**

|  | Hours | Rate | | Total Fee |
|---|---|---|---|---|
| Professionals: | | | | |
| John L. Heller | 38.8 | 275.00 | | 10,670.00 |
| MATTER TOTALS: | <u>38.8</u> | | $ | <u>10,670.00</u> |

## EXHIBIT 1B

## Summary of Professional And
## Paraprofessional Time By
## Activity Code Category

**ACTIVITY CODE CATEGORY: Litigation Consulting**

|  |  | Hours | Rate | Total Fee |
|---|---|---|---|---|
| Professionals: |  |  |  |  |
|  | John L. Heller | 44.8 | 275.00 | 12,320.00 |
|  | Lisa Owens | 1.5 | 115.00 | 172.50 |
|  | MATTER TOTALS: | 46.3 | $ | 12,492.50 |

**ACTIVITY CODE CATEGORY: Claims Analysis & Administration**

|  |  | Hours | Rate | Total Fee |
|---|---|---|---|---|
| Professionals: | John L. Heller | 3.7 | 275.00 | 1,017.50 |
|  | MATTER TOTALS: | 3.7 | $ | 1,017.50 |

**ACTIVITY CODE CATEGORY: Business Operations**

|  |  | Hours | Rate | Total Fee |
|---|---|---|---|---|
| Professionals: | Josh Shilts | 1.6 | 175.00 | 280.00 |
|  | MATTER TOTALS: | 1.6 | $ | 280.00 |

|  | TOTALS: | 150.9 |  | 36,473.50 |
|---|---|---|---|---|

## EXHIBIT 2

### Summary of Requested Reimbursement of Expenses And Disbursements Prepared In Accordance With, And Allowable Under The Guidelines For Fees And Disbursements for Professionals

| | | |
|---|---|---|
| Computerized Research | *Pacer charges for October 2009* | 0.48 |
| | *Pacer charges for November 2009* | 6.64 |
| | *Pacer charges for December 2009* | 2.16 |
| Shipping | *Fed Ex Inv#9-463-73988 - 1/12/10 - Trk#7931 5801 7158* | 44.94 |
| | *FedEx Inv#9-471-77338  1/19/10  Trk#7982 9565 6220* | 10.54 |

**TOTAL "GROSS" AMOUNT OF REQUESTED DISBURSEMENTS:**          64.76

**EXHIBIT 3**

**The Applicant's complete time records, in chronological order**
**by activity code category, for the time period covered by the application.**
**The requested fees are itemized to the tenth of an hour.**

| Category | Initials | Date | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|---|
| Accounting and Audit | JHL | 12/14/09 | 0.9 | 275.00 | 247.50 | Review status of operations at premises with Lisa Owens. |
| | JHL | 12/15/09 | 0.9 | 275.00 | 247.50 | potential change in corporate governance and potential to get credit with vendors |
| | JHL | 12/15/09 | 1.2 | 275.00 | 330.00 | Review November transactions to date. |
| | JHL | 12/15/09 | 2.3 | 275.00 | 632.50 | Prepare for and meet at premises with Zev Shemeth and Harry Fruman regarding operations, A/P, cash on hand, and prospective fraudulent transfers. |
| | JHL | 12/21/09 | 1.3 | 275.00 | 357.50 | Follow-up with Millennium personnel and Facility Administrator and A/R as to cash, status of A/P reconciliation, status of expected collections and status of payroll processing. |
| | JHL | 12/22/09 | 1.3 | 275.00 | 357.50 | Follow-up with BMS on JLH Order Expanding scope to try to bring banking from Examiner to JLH |
| | JHL | 12/22/09 | 0.7 | 275.00 | 192.50 | Teleconference with Zev Shemeth regarding policies and with Josh Shilts regarding review of same. |
| | JHL | 12/23/09 | 0.9 | 275.00 | 247.50 | Review current expenditures and continue to work on banking changeover. |
| | JHL | 12/30/09 | 0.8 | 275.00 | 220.00 | Continue to review and direct banking activities. |
| | JHL | 01/04/10 | 0.2 | 275.00 | 55.00 | Correspond with Millennium regarding procedures to draw down line of credit. |
| | JHL | 01/04/10 | 0.4 | 275.00 | 110.00 | Continue to follow-up with Millennium on status of administrative A/P analysis |
| | JHL | 01/04/10 | 1.9 | 275.00 | 522.50 | Begin working with Regions Bank to get online access and setup as signatory on Debtor's accounts. |
| | JHL | 01/07/10 | 2.1 | 275.00 | 577.50 | Coordinate draw request on DIP Revolver for payroll as well as additional wires and banking needed |
| | JHL | 01/07/10 | 2.2 | 275.00 | 605.00 | Continue to plan Debtor cash needs during the next week with administrator parties. |
| | JHL | 01/12/10 | 1.8 | 275.00 | 495.00 | Continue to plan Debtor cash needs during the next week with administrator parties.  Pay certain admin fees. |
| | JHL | 01/13/10 | 0.6 | 275.00 | 165.00 | Correspond with facility personnel and back office regarding payroll and internal control procedures. |
| | JHL | 01/15/10 | 2.1 | 275.00 | 577.50 | Update banking transactions and sweep Regions accounts. |
| | JHL | 01/15/10 | 1.4 | 275.00 | 385.00 | Review open A/P report as of 12/31/2009 and direct recovery of vendor addresses for administrative claims noticing |
| | JHL | 01/18/10 | 1.2 | 275.00 | 330.00 | Update ledger disbursements |

**EXHIBIT 3**

<u>**The Applicant's complete time records, in chronological order**</u>
<u>**by activity code category, for the time period covered by the application.**</u>
<u>**The requested fees are itemized to the tenth of an hour.**</u>

| Category | Initials | Date | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|---|
| | JHL | 01/18/10 | 1.4 | 275.00 | 385.00 | *Continue to review upcoming cash needs* |
| | JHL | 01/19/10 | 0.9 | 275.00 | 247.50 | *Continue to monitor banking activity and cash position.* |
| | JHL | 01/21/10 | 1.3 | 275.00 | 357.50 | *Reconcile bank accounts to date* |
| | JHL | 01/21/10 | 0.9 | 275.00 | 247.50 | *Handle payroll funding for 1/22/2010 payroll* |
| | JHL | 01/22/10 | 1.3 | 275.00 | 357.50 | *Review Medicare deposits, wire transfer from Regions to JP Morgan. Follow-upon payroll wire. Follow-up on status of bank accounts. Including correspondence with Millennium regarding repayment of DIP line* |
| | JHL | 01/25/10 | 0.9 | 275.00 | 247.50 | *Review banking transactions and needs.* |
| | JHL | 01/25/10 | 0.3 | 275.00 | 82.50 | *Coordinate return wire of $250,000 to DIP Lender* |
| | JHL | 01/26/10 | 0.4 | 275.00 | 110.00 | *Correspond with Millennium regarding back office operations and vendor claims.* |
| | JHL | 01/26/10 | 2.9 | 275.00 | 797.50 | *At Debtor facility. Tour facility. Attend staff meeting. Meet with Zev Shemeth to discuss facility operations.* |
| | JHL | 01/26/10 | 0.5 | 275.00 | 137.50 | *Review banking transactions.* |
| | JHL | 01/27/10 | 1.4 | 275.00 | 385.00 | *Continue to follow-up on perspective cash flows.* |
| | JHL | 01/27/10 | 0.7 | 275.00 | 192.50 | *Review bank transactions and reconcile to date.* |
| | JHL | 01/28/10 | 0.5 | 275.00 | 137.50 | *Review and update incoming deposits, disbursements and banking.* |
| | JHL | 01/29/10 | 1.2 | 275.00 | 330.00 | *Reconcile bank accounts to date. Track down stale o/s checks.* |
| **Accounting and Audit Totals** | | | **38.8** | | **10,670.00** | |
| *Tax Issues* | JHL | 01/27/10 | 0.8 | 275.00 | 220.00 | *Begin researching and addressing 2009 payroll tax and W-2 issues with Millenium* |
| | JHL | 01/28/10 | 1.2 | 275.00 | 330.00 | *Continue researching and addressing 2009 payroll tax and W-2 issues with Millenium* |
| | JHL | 01/29/10 | 1.4 | 275.00 | 385.00 | *Continue researching and addressing 2009 payroll tax and W-2 issues with Millenium* |
| **Tax Issues Total** | | | **3.4** | | **935.00** | |
| *Business Operations* | JSH | 12/24/09 | 1.2 | 175.00 | 210.00 | *On-site visit and review of WB Care Operations. Review of policies and procedures.* |
| | JSH | 12/22/09 | 0.4 | 175.00 | 70.00 | *Meeting w/ John Heller to discuss Operation Review procedures.* |
| ***Business Operations Totals*** | | | **1.6** | | **280.00** | |

**EXHIBIT 3**

**The Applicant's complete time records, in chronological order**
**by activity code category, for the time period covered by the application.**
**The requested fees are itemized to the tenth of an hour.**

| Category | Initials | Date | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|---|
| *Case Administration* | JHL | 12/01/09 | 1.4 | 275.00 | 385.00 | *Final review and execution of October 2009 DIP Report* |
| | JHL | 12/02/09 | 0.4 | 275.00 | 110.00 | *Teleconference with Debtor's Counsel regarding case status.* |
| | JHL | 12/02/09 | 0.7 | 275.00 | 192.50 | *Draft request to examiner and administrator of documents needed to prepare November DIP Report* |
| | JHL | 12/07/09 | 2.6 | 275.00 | 715.00 | *Review November bank records and transactions in preparation for DIP Report* |
| | JHL | 12/08/09 | 1.8 | 275.00 | 495.00 | *Continue to gather and review November bank records and transactions in preparation for DIP Report* |
| | JHL | 12/11/09 | 0.3 | 275.00 | 82.50 | *Continue to direct and assist Lisa Owens with preparation of November DIP Report* |
| | JHL | 12/17/09 | 1.2 | 275.00 | 330.00 | *Report.* |
| | JHL | 12/18/09 | 1.4 | 275.00 | 385.00 | *Continue to assist with November DIP Report preparation.* |
| | JHL | 12/21/09 | 2.6 | 275.00 | 715.00 | *Finalize preparation of November DIP Report and execute* |
| | JHL | 01/08/10 | 3.8 | 275.00 | 1,045.00 | *Reconcile December JP Morgan accounts in preparation for December DIP Report* |
| | JHL | 01/12/10 | 1.1 | 275.00 | 302.50 | *Continue to reconcile December JP Morgan accounts in preparation for December DIP Report* |
| | JHL | 01/13/10 | 0.5 | 275.00 | 137.50 | *Initial review of December DIP drafted by Lisa Owens.* |
| | JHL | 01/13/10 | 0.9 | 275.00 | 247.50 | *Direct Lisa Owens with preparation of December 2009 DIP Report* |
| | JHL | 01/14/10 | 0.7 | 275.00 | 192.50 | *Review December payroll* |
| | JHL | 01/15/10 | 1.2 | 275.00 | 330.00 | *Assist Lisa Owens with reconciliation of cash flow for December DIP Report* |
| | JHL | 01/15/10 | 0.5 | 275.00 | 137.50 | *Update December DIP Report with A/R* |
| | JHL | 01/18/10 | 2.3 | 275.00 | 632.50 | *Finalize and execute December DIP Report.* |
| | JHL | 01/19/10 | 0.3 | 275.00 | 82.50 | *Report* |
| | JHL | 01/22/10 | 0.5 | 275.00 | 137.50 | *Follow-up on status of US Trustee quarterly fee statement.* |
| | JSH | 12/24/09 | 0.6 | 175.00 | 105.00 | *On Site Visit Memo preparation for JH.* |
| | JSH | 12/28/09 | 0.8 | 175.00 | 140.00 | *Onsite Visit to WB Care Center to review operations.* |
| | JSH | 12/31/09 | 0.6 | 175.00 | 105.00 | *Onsite Visit 123109 Memo* |
| | JSH | 12/31/09 | 1.2 | 175.00 | 210.00 | *Onsite Visit to review Department Head Meeting and discussion with Zev Shemesh regarding open items needed.* |
| | LRO | 12/09/09 | 1.4 | 115.00 | 161.00 | *Begin reconciliation of Debtor bank accounts for preparation of November DIP report.* |
| | LRO | 12/17/09 | 1.5 | 115.00 | 172.50 | *Continue preparation of November 2009 TIP Report.* |

**EXHIBIT 3**

**The Applicant's complete time records, in chronological order**
**by activity code category, for the time period covered by the application.**
**The requested fees are itemized to the tenth of an hour.**

| Category | Initials | Date | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|---|
| | LRO | 12/17/09 | 2.3 | 115.00 | 264.50 | *Begin preparation of November 2009 TIP Report including adding Trustee bank accounts to file.* |
| | LRO | 12/17/09 | 1.2 | 115.00 | 138.00 | *Complete reconciliation of Regions payables account.* |
| | LRO | 12/17/09 | 1.0 | 115.00 | 115.00 | *Complete reconciliation of Regions payroll account with J. Heller.* |
| | LRO | 12/18/09 | 1.0 | 115.00 | 115.00 | *Complete reconciliation of Trustee accounts.* |
| | LRO | 12/18/09 | 2.3 | 115.00 | 264.50 | *Continue preparation of November 2009 TIP report.  Work with J. Heller on reconciliation of DIP Payables account.* |
| | LRO | 12/18/09 | 1.0 | 115.00 | 115.00 | *Continue preparation of November 2009 TIP report.  Begin reconciliation of Trustee accounts.* |
| | LRO | 12/21/09 | 0.7 | 115.00 | 80.50 | *Assist J. Heller with completion of Nov. 2009 DIP Report.* |
| | LRO | 12/24/09 | 0.5 | 115.00 | 57.50 | *Research document for change of corporate officer.  Print from FDOR website and fill out as necessary.* |
| | LRO | 12/28/09 | 0.2 | 115.00 | 23.00 | *Phone call to Ryan McCoy of Bank Atlantic Center re: Luxury Suite Contract.* |
| | LRO | 12/28/09 | 0.5 | 115.00 | 57.50 | *Phone call to Miami Awning re: Deposit for new awnings.  Fax of Order for J. Heller with request for listing of work already completed and return of funds* |
| | LRO | 12/28/09 | 1.0 | 115.00 | 115.00 | *morning staff meeting.  Meeting canceled due to visit from State Inspectors.* |
| | LRO | 12/30/09 | 1.0 | 115.00 | 115.00 | *Research procedures for adding J. Heller to Regions bank account as signatory.* |
| | LRO | 12/31/09 | 1.0 | 115.00 | 115.00 | *Attend staff meeting at Debtor location with J. Shilts.* |
| | LRO | 01/04/10 | 1.5 | 115.00 | 172.50 | *Update BMS with deposits and disbursements.* |
| | LRO | 01/05/10 | 0.3 | 115.00 | 34.50 | *Review case with J. Heller to bring up to date on case.* |
| | LRO | 01/05/10 | 1.0 | 115.00 | 115.00 | *Update BMS deposits and disbursements.  Speak with JP Morgan Chase Bank re: accounts.* |
| | LRO | 01/13/10 | 1.4 | 115.00 | 161.00 | *Prepare reconciliation of bank accounts for completion of December DIP Report.* |
| | LRO | 01/13/10 | 2.3 | 115.00 | 264.50 | *Begin preparation of December 2009 DIP Report.* |
| | LRO | 01/13/10 | 1.8 | 115.00 | 207.00 | *Complete preparation of December 2009 DIP Report. Print for review.* |
| | LRO | 01/15/10 | 1.2 | 115.00 | 138.00 | *Revise December 2009 DIP Report as requested.  Print for review.* |
| **Case Administration Totals** | | | **53.5** | | **10,216.50** | |
| | | | | | | |
| *Claims Analysis & Administration* | JHL | 01/14/10 | 0.7 | 275.00 | 192.50 | *correspondence* |
| | JHL | 01/15/10 | 0.2 | 275.00 | 55.00 | *Finalize and execute administrative FAC correspondence to AT&T* |

<u>EXHIBIT 3</u>

<u>The Applicant's complete time records, in chronological order</u>
<u>by activity code category, for the time period covered by the application.</u>
<u>The requested fees are itemized to the tenth of an hour.</u>

| Category | Initials | Date | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|---|
| | JHL | 01/20/10 | 0.7 | 275.00 | 192.50 | Review and respond to administrative vendor inquiries. |
| | JHL | 01/21/10 | 1.2 | 275.00 | 330.00 | Continue to correspond with various vendors, Counsel and facility administrator regarding administrative claims filing. |
| | JHL | 01/28/10 | 0.9 | 275.00 | 247.50 | Initial review of incoming administrative claims. |
| **Claims Analysis & Administration Totals** | | | **3.7** | | **1,017.50** | |
| | | | | | | |
| *Fee Applications* | JHL | 12/07/09 | 0.9 | 275.00 | 247.50 | Manager review and execution of 1st Interim Fee Application. |
| | JHL | 12/09/09 | 0.6 | 275.00 | 165.00 | Follow-up with Debtor Counsel regarding fees and fee hearing |
| | JHL | 12/21/09 | 1.3 | 275.00 | 357.50 | Prepare for and attend Fee Hearing |
| | LRO | 12/04/09 | 0.8 | 115.00 | 92.00 | Update 1st Interim Fee Application through November 30, 2009. |
| **Fee Applications Totals** | | | **3.6** | | **862.00** | |
| | | | | | | |
| *Litigation Consulting* | JHL | 12/03/09 | 0.4 | 275.00 | 110.00 | Continue to correspond with Counsel and Millennium regarding needed Cash Collateral Budget. |
| | JHL | 12/04/09 | 0.6 | 275.00 | 165.00 | Review incoming pleadings and orders. |
| | JHL | 12/04/09 | 2.2 | 275.00 | 605.00 | Review Examiner's deposit and check register for November and December to date.  Correspond regarding cash collateral budget. |
| | JHL | 12/07/09 | 1.2 | 275.00 | 330.00 | Review cash collateral budget drafted by Millennium for December and January and provide comments on same |
| | JHL | 12/08/09 | 0.7 | 275.00 | 192.50 | Continue to review cash collateral budget drafted by Millennium for December and January and provide comments on same. |
| | JHL | 12/09/09 | 0.7 | 275.00 | 192.50 | Teleconferences and follow-up with Debtor's Counsel regarding cash collateral budget and fiduciary scope hearing. |
| | JHL | 12/11/09 | 0.2 | 275.00 | 55.00 | Correspond with Facility Administrator and Receiver regarding transition of banking |
| | JHL | 12/14/09 | 2.2 | 275.00 | 605.00 | Begin to coordinate banking transfer from Examiner to myself.  Begin to coordinate operations oversight. |
| | JHL | 12/14/09 | 2.6 | 275.00 | 715.00 | Prepare for and attend cash collateral hearing prepared to testify. |
| | JHL | 12/16/09 | 2.2 | 275.00 | 605.00 | Review cash status.  Correspond with case parties regarding administrative fees and need for DIP financing. |
| | JHL | 12/16/09 | 1.2 | 275.00 | 330.00 | Correspond with various parties regarding Union issues and Union papers filed under seal. |
| | JHL | 12/16/09 | 0.5 | 275.00 | 137.50 | Correspond with Zev regarding various upcoming expenses including budget for employee party. |

EXHIBIT 3

### The Applicant's complete time records, in chronological order
### by activity code category, for the time period covered by the application.
### The requested fees are itemized to the tenth of an hour.

| Category | Initials | Date | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|---|
| | JHL | 12/17/09 | 1.7 | 275.00 | 467.50 | *Teleconference and follow-up correspondence to SEIU Union rep regarding Union status. Review Union claims files same date.* |
| | JHL | 12/18/09 | 1.2 | 275.00 | 330.00 | *Review updated proposed Global Settlement Agreement and correspond with Counsel regarding same.* |
| | JHL | 12/20/09 | 0.4 | 275.00 | 110.00 | *Teleconference with Counsel regarding issues with proposed updated global settlement and DIP credit line.* |
| | JHL | 12/22/09 | 1.6 | 275.00 | 440.00 | *Teleconferences with Counsel, Examiner and Millennium Counsel regarding Settlement Agreement and DIP Line* |
| | JHL | 12/23/09 | 0.8 | 275.00 | 220.00 | *Direct Draft of various demands for return of §548 and §549 transfers.* |
| | JHL | 12/23/09 | 0.8 | 275.00 | 220.00 | *Review and execute Global Settlement Agreement as Debtor Court Approved Representative* |
| | JHL | 12/30/09 | 1.4 | 275.00 | 385.00 | *Prepare for and attend settlement hearing telephonically. Follow-up teleconference with Debtor Counsel* |
| | JHL | 01/04/10 | 0.2 | 275.00 | 55.00 | *Teleconference with Counsel regarding 1:30 hearing on DIP Financing and potential testimony needed.* |
| | JHL | 01/04/10 | 1.4 | 275.00 | 385.00 | *Prepare for and attend Hearing on Approval of Dip Financing prepared to testify. Testimony preferred.* |
| | JHL | 01/05/10 | 1.3 | 275.00 | 357.50 | *Review proposed 9019 Order and provide comments to Counsel* |
| | JHL | 01/05/10 | 1.4 | 275.00 | 385.00 | *Review proposed Order on DIP Financing and provide comments to Counsel. Execute DIP Financing Agreement* |
| | JHL | 01/06/10 | 0.7 | 275.00 | 192.50 | *Continue to review updated drafts of 9019 Order and Order on DIP Financing and provide comments to Counsel* |
| | JHL | 01/06/10 | 2.8 | 275.00 | 770.00 | *Review Regions bank December transactions and correspond with Regions regarding $23K transfer. Correspond with Counsel regarding same.* |
| | JHL | 01/06/10 | 2.4 | 275.00 | 660.00 | *Continue to work with Regions Bank to get online access and setup as signatory on Debtor's accounts. Execute signatory Form.* |
| | JHL | 01/07/10 | 0.4 | 275.00 | 110.00 | *Teleconference with Counsel regarding DIP Revolving and Regions Bank $23K transfer in early December* |
| | JHL | 01/12/10 | 1.6 | 275.00 | 440.00 | *Continue to follow-up with Regions Bank and various parties regarding $23K transfer in early December* |
| | JHL | 01/12/10 | 0.9 | 275.00 | 247.50 | *Prepare for and attend §363 Sale Motion draft teleconference with Counsel and Millennium Counsel.* |
| | JHL | 01/13/10 | 1.6 | 275.00 | 440.00 | *Review, update and correspond with all parties regarding anticipated cash flow needs during the next 25 days.* |

## EXHIBIT 3

### The Applicant's complete time records, in chronological order
### by activity code category, for the time period covered by the application.
### The requested fees are itemized to the tenth of an hour.

| Category | Initials | Date | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|---|
| | JHL | 01/13/10 | 0.8 | 275.00 | 220.00 | *Continue to correspond with Millennium and Debtor's Counsel regarding Panthers Arena Debtor bounced check and Arena claim.* |
| | JHL | 01/13/10 | 1.3 | 275.00 | 357.50 | *Review emails sent by Kapila and Millennium to Regions Bank and correspond with Debtor's Counsel regarding same in the context of recovery of the $23K Dec. 4th unauthorized transfer.* |
| | JHL | 01/14/10 | 0.4 | 275.00 | 110.00 | *Correspond with Debtor Counsel regarding suggestion of removing Tim Reardon from Sunbiz.* |
| | JHL | 01/18/10 | 0.9 | 275.00 | 247.50 | *Correspond with various parties and Counsels regarding upcoming cash needs and moving the case toward a sale.* |
| | JHL | 01/20/10 | 0.5 | 275.00 | 137.50 | *Correspond with Counsel regarding lease assumption/rejection and other deadlines.* |
| | JHL | 01/21/10 | 1.3 | 275.00 | 357.50 | *same.* |
| | JHL | 01/25/10 | 1.9 | 275.00 | 522.50 | *Draft 1/30 to 4/2 cash collateral budget draft.  Send to Millennium for updating and comments.* |
| | JHL | 01/26/10 | 0.4 | 275.00 | 110.00 | *Teleconference with Counsel regarding case and cash flow status and issues.* |
| | LRO | 12/23/09 | 1.5 | 115.00 | 172.50 | *Meet with J. Heller to discuss research into transactions completed by T. Reardon of W.B. Care and preparation of demand letters pertaining to same.  Discuss upkeep of BMS system to maintain records of deposits/Withdrawals for W.B. Care.* |
| **Litigation Consulting Totals** | | | 46.3 | | 12,492.50 | |
| **Fee Totals** | | | 150.9 | | 36,473.50 | |

**Expenses**

| | Initials | Date | | | Amount | Description |
|---|---|---|---|---|---|---|
| *Delivery* | CLNT | 01/18/10 | | | 44.94 | *Fed Ex Inv#9-463-73988 - 1/12/10 - Trk#7931 5801 7158* |
| | CLNT | 01/25/10 | | | 10.54 | *FedEx Inv#9-471-77338  1/19/10  Trk#7982 9565 6220* |
| | | | | | 55.48 | |
| *Other expenses* | EMW | 01/15/10 | | | 6.64 | *Pacer charges for November 2009* |
| | EMW | 01/15/10 | | | 0.48 | *Pacer charges for October 2009* |
| | EMW | 01/15/10 | | | 2.16 | *Pacer charges for December 2009* |
| | | | | | 9.28 | |
| **Expense Totals** | | | | | 64.76 | |

**09-26196-JKO Notice will be electronically mailed to:**

Michael I Bernstein on behalf of Creditor Millennium Management, LLC
michael@miblawoffice.com

John G. Bianco III on behalf of Creditor Foster Medical Supply
jgb@trippscott.com, bankruptcynoticecenter@trippscott.com

Robert P Charbonneau on behalf of Debtor W.B. Care Center, LLC
rpc@ECCcounsel.com,
nsgm0024@aol.com;dgold@ECCcounsel.com;scunningham@ECCcounsel.com;phornia@eccco
unsel.com;nsocorro@ecccounsel.com;msardinas@ecccounsel.com

AnneJanet Deases on behalf of Creditor Service Employees International Union, Local 1999
adeases@phillipsrichard.com,
mmcdougald@phillipsrichard.com;bnicholson@phillipsrichard.com

Debora Fridie on behalf of Creditor Florida Agency For Health Care Administration
fridied@ahca.myflorida.com

Daniel L. Gold on behalf of Debtor W.B. Care Center, LLC
dgold@ecccounsel.com, scunningham@ecccounsel.com

Hollie N Hawn on behalf of Creditor Broward County Revenue Collector
hhawn@broward.org

Frank F McGinn on behalf of Creditor Iron Mountain Information Management, Inc.
ffm@bostonbusinesslaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Kristopher E Pearson on behalf of Creditor Institutional Leasing 1, LLC
kpearson@stearnsweaver.com, mmasvidal@swmwas.com;cperez@stearnsweaver.com

Patricia A Redmond on behalf of Creditor Institutional Leasing 1, LLC
predmond@stearnsweaver.com, jmartinez@swmwas.com;rross@swmwas.com

Joel L Tabas on behalf of Creditor Timothy Reardon
jtabas@tabasfreedman.com, karen@tabasfreedman.com

Diane Noller Wells on behalf of Creditor Vista Healthplan, Inc.
dwells@devinegoodman.com, efiling@devinegoodman.com

**09-26196-JKO Notice will not be electronically mailed to:**

Estella Gamez
15424 NE 2 Ave
N miami Beach, FL 33162

Soneet R Kapila
Kapila & Company
1000 S. Federal Hwy.
#200
Fort Lauderdale, FL 33316

William R Trueba
3001 SW 3rd Ave
Miami, FL 33129

William R. Trueba on behalf of Plaintiff W.B. Care Center, LLC
Espinosa Trueba
3001 SW 3rd Ave
Miami, Fl 33129-2709