

**ORDERED in the Southern District of Florida on March 23, 2010.**

_____
John K. Olson, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

| | |
|---|---|
| In re: | : |
| | : |
| W.B. CARE CENTER LLC | |
| d/b/a WEST BROWARD CARE CENTER | : Case No. 09-26196-JKO |
| | : |
| | Chapter 11 |
| Debtor. | : |
| _____ | : |

**ORDER:**
**(1) Granting Creditor's Application for Administrative Priority [DE 288] for Travel Expenses, Sick Time and Vacation Time;**
**(2) Granting Creditor Fourth Priority Treatment for Travel Expenses, Sick Time and Vacation Time Actually Earned Within 180 Days Before the Order for Relief; and**
**(3) Denying Creditor Priority Treatment for Claims of Personal Time**

This case came for hearing on February 18, 2010 on Creditor Paula Mosley's Application for Administrative Priority. [DE 288]. In the application, Creditor Mosley asked for administrative priority for travel expenses, sick time, personal time and vacation time. I took the matter under

advisement. Under § 503(b) of the Bankruptcy Code, I find that Creditor Mosley is entitled to administrative priority for all substantiated travel expenses, sick time and vacation time actually earned post-petition and that she is entitled to fourth priority under § 507(a)(4), in a cumulative amount not greater tan $10,950, for all substantiated travel expenses, sick time and vacation time actually earned within 180 days before the order for relief.

"The Bankruptcy Code states that administrative priority will only be accorded to claims involving 'the actual, necessary costs and expenses of preserving the estate.' 11 U.S.C. § 503 (b)(1)(A). The terms 'actual' and 'necessary' are to be construed narrowly and 'must be the actual and necessary costs of preserving the estate for the benefit of its creditors." *Einstein/Noah Bagel Corp. v. Smith*, 319 F.3d 1166, 1173 (9th Cir. 2003)(*citing AMTRAK v. Dant & Russell, Inc.*, 853 F.2d 700, 706 (9th Cir. 1988)). The Code offers *examples* of "actual, necessary costs" including: "wages, salaries and commissions." § 503 (b)(1)(A)(i). However, these examples are not exclusive. *See In re Northwest Engineering Co.*, 863 F.2d 1313, 1315-16 (7th Cir. 1988).

The Debtor is a licensed nursing home facility. [DE 18]. Accordingly, it may require a variety of "actual, necessary costs and expenses [in] preserving the estate."§ 503 (b)(1)(A). For instance, Creditor Mosley's employment by Debtor required her to travel between hospitals to enroll patients. Without the revenue generated by these patients, Debtor would have been unable to fully preserve "the estate for the benefit of its creditors." *See Einstein/Noah Bagel Corp.*, 319 F.2d at 1173. Assuming Creditor's travel expenses were actually earned post-petition, they are entitled to administrative priority. *See id.*

Creditor also seeks administrative priority for claims of sick pay and vacation time. Following *Einstein/Noah Bagel Corp*'s liberal application of "actual, necessary costs",

administrative priority claims include "vacation and sick pay . . . to the extent they reflect work done after the commencement of the case." *In re Northwest Engineering Co.*, 863 F.2d at 1315-16. Therefore, Creditor's claims for sick pay and vacation time actually earned post-petition will be given administrative priority. *Id.*

Creditor Mosley is entitled to fourth priority claims, in a cumulative amount not greater than $10,950, for "wages, salaries, or commissions, including vacation, severance, and sick leave pay" actually earned within 180 days before the date of filing. § 507(a)(4)(A). But the Bankruptcy Code does not define *wages*. Alternatively, § 3401(a) of the Internal Revenue Code defines *wages* as "remuneration for services performed by an employee for his employer", including "[t]raveling and other expenses." *Gen Elevator Corp. v. United States*, 20 Cl. Ct. 345, 351; 26 U.S.C.S. 3401(a). This IRC provision is noteworthy because of Supreme Court's inclusion of outside statutory definitions to fill blanks in a Bankruptcy Code provision. *See Midatlantic Nat. Bank v. New Jersey Dept. of Environmental Protection*, 474 U.S. 494, 501 (1986)*; Howard Delivery Serv. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 661 (2006).

"Congress could . . . have intended a different interpretive method for reading terms used in the Bankruptcy Code it created in 1978. But if it had so intended we would expect some statutory indication . . . . [*See Midatlantic Nat. Bank*, 474 U.S. at 501]. [I]t would have been redundant for Congress to refer specifically to Internal Revenue Code definitions of given terms if such cross-identity were to be assumed or presumed, as a matter of interpretative course." *United States v. Reorganized Cf&I Fabricators*, 518 U.S. 213, 221-22 (1996). Had Congress disagreed with *Midatlantic*, it could have overturned the Court through "[t]he normal rule of statutory construction . . . that [when] Congress intends for legislation to change the interpretation of a judicially created

concept, it makes that intent specific." *Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256, 266-67 (1979). But Congress has not restricted the use of IRC definitions to interpret undefined terms in the Bankruptcy Code. Accordingly, through the incorporation of 26 U.S.C.S. 3401(a), I find that § 507(a)(4)(A) "wages" include remuneration for post-petition travel expenses.

Creditor Mosley also asks for administrative priority for claims of personal time. [DE 288]. No authority has been found "for the premise that Section 503(b) provides a basis to compensate a creditor for [her] own personal time." *In re Pappas*, 277 B.R. 171, 177 (E.D.N.Y. 2002). With a similar absence of authority under § 507(a)(4)(A), claims for personal time will not be given fourth priority treatment.

It is therefore ORDERED that:

(1) Creditor Mosley's Application for Administrative Expenses is GRANTED for all substantiated travel expenses, sick time and vacation time actually earned post-petition.

(2) Creditor Mosley shall receive fourth priority treatment, in a cumulative amount not greater than $10,950, for all substantiated § 507(a)(4)(A) travel expenses, sick time or vacation time actually earned within 180 days before the order for relief.

(3) Creditor Mosley's claims of personal time are not entitled to any priority treatment.

###

Copies to:

Paula Mosley
15900 SW 104th Court
Miami, FL 33157
305.491.9563

Daniel L. Gold, Esq.
Ehrenstein Charbonneau Calderin
501 Brickell Key Drive, Suite 300
Miami, FL 33131
305.722.2002

Patricia Redmond, Esq.
Stearns Weaver
150 West Flagler Street, Suite 2200
Miami, FL 33130
305.786.3553