

**ORDERED in the Southern District of Florida on March 30, 2010.**

John K. Olson, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**
www.flsb.uscourts.gov

**In re**:

Case No.: 09-26196-BKC-JKO

**W.B. Care Center, LLC**

*d/b/a* West Broward Care Center**,**

Chapter 11

Debtor.

_____/

**ORDER DENYING COMPOUND MOTION [DE 399]:**
**(1) To Recuse Judge John K. Olson;**
**(2) To Vacate March 4, 2009 Order Approving Settlement Agreement in 09-12957-JKO;**
**(3) To Transfer This Matter to Chief Judge Hyman**

On March 26, 2010, Timothy Patrick Reardon filed a compound motion [DE 399] seeking: (1) my recusal; (2) an order vacating the March 4, 2009 Order Approving Settlement Agreement in 09-12957-JKO; and (3) an order transferring this matter to Chief Judge Hyman.[1]

---

[1] While the compound motion requires some decryption, the Declaration of Timothy Patrick Reardon which accompanies the motion clearly states at paragraph 21(h) that Mr. Reardon seeks a transfer of this matter in its entirety to Judge Hyman.

**Background**

The Debtor is a nursing home operator which filed its Chapter 11 Voluntary Petition on August 5, 2009 [DE 1]. This was its second bankruptcy filing in 2009, the first case being filed February 23, 2009 (09-12957-JKO, the "First Bankruptcy Case"). To resolve the First Bankruptcy Case, the Debtor and Tim Reardon (the Debtor's principal) negotiated a settlement agreement with Millenium Management, LLC (the Debtor's provider of back office support services) and Institutional Leasing 1, LLC (the Debtor's primary creditor).[2] This settlement agreement was approved on March 4, 2009 and the First Bankruptcy Case was subsequently dismissed and closed.

Unfortunately, disputes arose between the parties to the settlement agreement and this second bankruptcy filing resulted within a few months. The Debtor claimed in its Motion to Reject Executory Contract [DE 51] that the settlement agreement was procured by fraud, but those allegations were not address in my disposition of that motion because it sought to reject, not rescind, the settlement agreement.

In the months after I ruled that the Debtor could reject the settlement of the First Bankruptcy Case, the record established that Tim Reardon attempted to electronically transfer $50,000 out of an estate account without authorization. In doing so, he appears to have violated 18 U.S.C. §§ 152(7) and 153. Each section provides for a prison term not to exceed five years and/or commensurate fine. This development resulted in my determination that Reardon was in material breach of a new settlement among the parties in this second bankruptcy case. I determined that his conduct resulted in forfeiture of any benefits under the new settlement, including the $500,000 which he would have received to "walk away" from the estate. Reardon now seeks my recusal,

---

[2] Millenium and Institutional are affiliates.

vacation of the order approving the settlement agreement in the First Bankruptcy Case, and transfer of this matter to Chief Judge Hyman.

## **Discussion**

Reardon's recusal request is pursuant to 28 U.S.C. § 455. The Declaration of Timothy Patrick Reardon which accompanies the combined motion [DE 399] appears to be an attempt to satisfy 28 U.S.C. § 144, which by it terms applies only to district judges, but the Declaration is not notarized and is therefore not "a timely and sufficient affidavit" which would require me to proceed no further and immediately assign this matter to another judge. Nevertheless, I am ruling on the recusal request under § 455 before the next scheduled hearing in this matter, now set for March 31, 2010.

The essence of the combined motion is:

(1) I was formerly a partner at Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A. with Patricia Ann Redmond;

(2) Ms. Redmond and I represented principals of the secured creditor in this case in a case called Safe Harbour Florida Health Care Properties, Inc.;

(3) Ms. Redmond represents those same principals in this case; and

(4) I misrepresented the scope of my co-representation in the Safe Harbour case when the potential conflict of interest was raised at a hearing conducted February 26, 2009 in the First Bankruptcy Case.

Items one through three are all true. The fourth is not. The transcript of the February 26, 2009 hearing in the First Bankruptcy Case reads:

> MR. GORDICH:   Good morning, Judge. Lawrence Gordich on behalf of the respondent, and I am going to

|               |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                      |
|---------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|               | use this cool lectern here and see how far it really goes.                                                                                                                                                                                                                                                                                                                                                                                                                                                          |
| THE COURT:    | Just don't take it off the track.                                                                                                                                                                                                                                                                                                                                                                                                                                                                                    |
| MR. OORDICH:  | I'm not going to, Judge.                                                                                                                                                                                                                                                                                                                                                                                                                                                                                             |
| MR. ABRAMS:   | I won't put it above my head, because it would be perfect for Mr. Gordich, but I'll be ---                                                                                                                                                                                                                                                                                                                                                                                                                           |
| MR. GORDICH:  | Discrimination.                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                      |
| MR. ABRAMS:   | Your Honor, Tom Abrams on behalf of the Debtor.                                                                                                                                                                                                                                                                                                                                                                                                                                                                      |
| MR. GORDICH:  | And Judge, before we get rolling, just this is something that I spoke with my colleague, and they mentioned that I should bring it to your Honor's attention, some years ago Mr. Abraham Shawson [sic] was referred to a very good attorney in Tampa by the name of Olson and he represented that gentleman in an attempt to purchase a nursing home and I understand it was a day or two, or something like that and we wanted to bring it to your Honor's attention. We don't believe it's any conflict or otherwise but I just got retained yesterday. I just found out. I just told my colleagues this morning, and I wanted to give them an opportunity to stew on that a little bit. |
| THE COURT:    | Thank you for mentioning it. Had you not, I would have.                                                                                                                                                                                                                                                                                                                                                                                                                                                              |
| MR.GORDICH:   | Thank you, Judge.                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                    |
| THE COURT:    | Mr. Abrams, your call.                                                                                                                                                                                                                                                                                                                                                                                                                                                                                               |
| MR. ABRAMS:   | As long as you don't personally feel a conflict, we don't have a problem with it.                                                                                                                                                                                                                                                                                                                                                                                                                                    |
| THE COURT:    | Okay. It's been a while, and I think that the representation was sufficiently attenuated that                                                                                                                                                                                                                                                                                                                                                                                                                       |

|              |                                                                                                                                                                                                                                                      |
|--------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|              | if everybody is comfortable with it, let's proceed.                                                                                                                                                                                                  |
| MR. ABRAMS:  | All right.                                                                                                                                                                                                                                           |
| THE COURT:   | I've obviously read the motion and ---                                                                                                                                                                                                               |
| MR. ABRAMS:  | Your Honor, Mr. Gordich was hired yesterday, and he -- I think he would like, if it's not an imposition to your schedule, another five or ten minutes to talk to his clients so we can converse about one or two preliminary matters.                |
| THE COURT:   | Sure. Take as long as you want.                                                                                                                                                                                                                      |

[DE 399], Ex. A.  Reardon takes issue with Mr. Gordich's comment that my representation in the Safe Harbour case was "a day or two, or something like that" and attaches billing records which detail the work I did in that case.  Reardon argues in the combined motion that:

> In the instant case, Defendant [sic] respectfully submits that Judge Olson's conduct demonstrates, at a minimum, either perjury, incompetence, or a medical condition that could explain the reason a Federal Bankruptcy Judge could confuse a "two day nursing home sale" with a three year Chapter 11 case.

*Id.* at 4.  In hindsight, it would have been helpful for me to clarify Mr. Gordich's "day or two, or something like that" comment on the record.  But I did not confuse a two-day nursing home sale with a three-year Chapter 11 case.  In fact, I had also been consulted by Mr. Shaulson over a period of a few days on a matter unrelated to the Safe Harbour nursing home case.  Had any interested party voiced its concerns about the potential conflict, I would have seriously considered recusal at that time.  But I did not feel partial, and the parties expressed their views on the record.  They were not concerned, I was not concerned, and we proceeded.

Only now, over one year later, after the First Bankruptcy Case was settled, dismissed, and closed, and after Reardon forfeited his $500,000 settlement in this second case by trying to steal from the estate, does Reardon seek my recusal. The combined motion points to case law which holds that the *appearance* of impartiality - and not simply impartiality in fact - is critical. I agree, and this is why I stated at the February 26, 2009 hearing that, had the parties not raised the potential conflict on the record, I would have. My prior representation in unrelated matters has been on the record since the beginning of this case, and I am presently unaware of any behavior on my part, whether it be statements, rulings, or otherwise, which might lead a reasonable person to question my impartiality. I therefore conclude that recusal was not and is not required by 28 U.S.C. § 455(a) and § 455(e).

28 U.S.C. § 455(b) provides a list of circumstances under which I am required to recuse myself and not permitted to obtain a waiver from the parties by § 455(e). Reardon's combined motion specifically points to § 455(b)(2):

> Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

28 U.S.C. § 455(b)(2). This subsection does not apply to the facts here. I never served as a lawyer in this matter. Patricia Ann Redmond, a lawyer with whom I previously practiced, never served as a lawyer in this matter while we were partners. And neither Ms. Redmond nor I have been material witnesses in this matter. I therefore conclude that none of the mandatory abstention provisions of § 455(b) are applicable.

Finally, even if § 455(a) or § 455(b) required recusal (and they do not), it strains credulity that Mr. Reardon would wait to raise these concerns until: (1) after the First Bankruptcy Case was

resolved; (2) the second bankruptcy case nears completion in a sale under 11 U.S.C. § 363; and (3) Mr. Reardon's apparent criminal violation of 18 U.S.C. §§ 152(7) and 153 resulted in forfeiture of a half-million dollar settlement to "walk away" from the estate. Case law is split on whether there is a timeliness requirement for judicial disqualification motions. *See, e.g., Summers v. Singletary*, 119 F.3d 917 (11th Cir. 1997) (holding that such motions must be filed within a reasonable time after the grounds for the motion are ascertained); *United States v. York*, 888 F.2d 1050 (5th Cir. 1989) (timeliness required); *Polaroid Corp. v. Eastman Kodak Co.*, 867 F.2d 1415 (Fed. Cir. 1989) (no timeliness requirement); *United States v. Kehlbeck*, 766 F. Supp. 707 (S.D. Ind. 1990) (no timeliness requirement). I am of course bound by *Summers*, but I do find one other case helpful because it views timeliness in the nature of a good faith requirement. *See Planned Parenthood of S.E. Pa. v. Casey*, 812 F. Supp. 541 (E.D. Pa. 1993). That Mr. Reardon would, despite being aware of the asserted conflict of interest for more than a year, wait until now to question my impartiality strikes me as little more than a last ditch attempt to strike back in a case where his own behavior has cost him dearly. This is not a matter in which a party raises concerns in good faith to protect the integrity of the process, but rather a case in which a party waits until the writing is on the wall to hurl accusations of "perjury, incompetence, or a medical condition" [DE 399], at 4. As stated by the Eleventh Circuit, "[t]he policy considerations supporting a timeliness requirement are . . . to conserve judicial resources and prevent a litigant from waiting until an adverse decision has been handed down before moving to disqualify the judge." *Summers*, 119 F.3d at 921.

It is therefore ORDERED that the combined motion seeking my recusal, vacation of the order approving settlement agreement in the First Bankruptcy Case, and transfer of this matter to Chief Judge Hyman is DENIED.

# # #

Copies to:

The Clerk of Court is requested to provide copies of this Order to all interested parties registered to receive such notice.