

**ORDERED in the Southern District of Florida on April 05, 2010.**

**John K. Olson, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In Re:                                                    **Chapter 11**

**W.B. CARE CENTER LLC**                    **Case No. 09-26196-JKO**
**d/b/a WEST BROWARD CARE CENTER**

_____ **Debtor.** _____ /

### ORDER DENYING-IN-PART MOTION OF LYNN GRANATA FOR THE ALLOWANCE AND PAYMENT OF AN ADMINISTRATIVE EXPENSE

**THIS MATTER** came before the Court on Thursday, February 18, 2010 at 2:00 p.m.

(the "Hearing") upon *Lynn Granata's Motion for the Allowance and Payment of an*

*Administrative Expense* (the "Motion") [D.E. 284]. The Court has considered the Motion and

the failure of the movant to produce records in support of certain aspects of the Motion. For

instance, the Motion seeks the reimbursement as an administrative expense of movant's living

expenses paid to the Residence Inn Marriot in Plantation, Florida, and movant also seeks

reimbursement of certain meals. Movant has produced no record of the Debtor or employment

contract that demonstrates her entitlement to be reimbursed for personal lodging or dining expenses.[1] In addition, movant has produced no records that support her entitlement to post-petition accrued sick time, vacation time, or other accrued benefits that remain unpaid. Based on the foregoing and its review of the record, the Court finds consideration of the Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2) and that the Court has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Court further finds that the reimbursement of movant's living and dining expenses are unsupported by evidence in the record and must be denied and that all requests for reimbursement of pre-petition accrued benefits must be denied as a matter of law. Accordingly, the Court **ORDERS** as follows:

1.      The Motion is DENIED-IN-PART.

2.      Those portions of the Motion seeking allowance and payment of movant's living and dining expenses are denied.

3.      That portion of the Motion seeking allowance of movant's claim for reimbursement of expenses devoted to purchasing signage for the Debtor's facility is granted. The movant is entitled to an administrative expense claim of $361.23 for reimbursement of expenses devoted to her purchase of signage for the Debtor's facility.

4.      Those portions of the Motion seeking allowance and payment of pre-petition accrued benefits are denied as a matter of law.

5.      Those portions of the Motion seeking allowance and payment of post-petition accrued benefits are denied for failure of movant to produce supporting documentation.

# # # #

---

[1] Movant was not present at the hearing and did not prosecute the Motion. The Court, however, directed Debtor's counsel to contact movant and attempt to obtain records from movant and dispose of the Motion on an agreed basis. Despite Debtor's counsel's requests for records from movant, movant has not produced records beyond those attached to the Motion that support reimbursement of most of the expenses sought in the Motion.

**Submitted by**:

Robert P. Charbonneau, Esquire
Florida Bar No.: 968234
rpc@ecclegal.com
Ehrenstein Charbonneau Calderin
Attorneys for the Debtor
501 Brickell Key Drive, Suite 300
Miami, Florida  33131
T. 305.722.2002   F. 305.722.2001


**Copy to Robert P. Charbonneau, Esquire, who is directed to serve a conformed copy of the Order upon all Parties entitled to service and file a Certificate of Service.**