**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:                                                                    Chapter 11

W.B. CARE CENTER LLC                              Case No. 09-26196-BKC-JKO
d/b/a WEST BROWARD CARE CENTER

     Debtor.
_____/

**RESPONSE IN OPPOSITION TO MOTION FOR SANCTIONS**
**AND CONTEMPT AGAINST PATRICIA REDMOND, ESQUIRE,**
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**

     Patricia A. Redmond, Esquire ("**Redmond**") and Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A. ("**SWM**"), by and through their undersigned counsel, file their Response in Opposition ("**Response**") to the Motion for Sanctions and Contempt Against Patricia Redmond, Esquire, Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A. (D.E. 407) ("**Motion**") filed by Timothy P. Reardon, *pro se* ("**Reardon**"). In support of this Response, Redmond states as follows:

**BACKGROUND**

     1.     Redmond is counsel for Institutional Leasing 1, LLC ("**Institutional**"), which is a secured creditor and the landlord of Debtor and debtor-in-possession, W.B. Care Center, LLC ("**Debtor**").

     2.     Reardon is Debtor's principal and was Debtor's licensed nursing home administrator until he voluntarily resigned on November 12, 2009.

     3.     Reardon filed the Motion on March 31, 2010, and the Motion is currently set for hearing on April 15, 2010 at 2:00 PM.

4. In the Motion, Reardon alleges that Redmond made representations to the Court concerning the diminution in Debtor's cash position from the Petition Date, August 5, 2009 to the date of the October 27, 2009 Hearing.

5. At the October 27, 2009 Hearing on Debtor's request for continued use of Cash Collateral, Redmond argued to the Court that the Debtor's cash position had eroded significantly in the first few months of the bankruptcy case. Her argument was based upon Debtor's sworn Schedules (D.E. 75), specifically Schedule B, where Debtor indicated that on the Petition Date it possessed approximately $600,000 in cash, and Debtor's cash collateral budget through the end of October 2009, which indicated that Debtor only possessed approximately $75,000 in cash. Redmond argued, based upon these two documents that were prepared by Debtor, it appeared that Debtor experienced a significant decrease in its cash position. Thus, she argued it was appropriate for a third party, such as a Chapter 11 examiner, to investigate Debtor's financial affairs.

6. Reardon claims that Redmond's arguments are sanctionable.

## ARGUMENT

7. Reardon requests sanctions under 11 U.S.C. § 105, but provides no analysis relating to the standard required for granting sanctions under this section.

8. "Under Section 105(a) the court may take any action 'necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.' 11 U.S.C. § 105(a). Thus, a court may impose sanctions if a party violates a court order or rule. *See, e.g.*, *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1542 (11th Cir.1996) (awarding sanctions under Section

105(a) for a violation of an automatic stay provision)." *Ginsberg v. Evergreen Sec., Ltd.(In re Evergreen Sec., Ltd.)*, 570 F.3d 1257 (11th Cir. 2009) (citations included).

9. The language of 11 U.S.C. § 105 is permissive and, thus, Courts are not required to exercise their powers under this provision. *In re Adell*, 296 Fed.Appx. 837 (11th Cir. 2008).

10. Sanctions under 11 U.S.C. § 105 require a finding that counsel's conduct is unreasonable and vexatious. *In re PSN USA, Inc.*, No. 02-11913-BKC-AJC, 2007 WL 328717 (Bankr. S.D. Fla. 2007) (Cristol, J.).

11. Here, Redmond's arguments to the Court were based upon documents prepared by Debtor. She merely advised the Court of what the Debtor's documents revealed and requested an appropriate investigation into Debtor's financial affairs as a condition of continued consensual use of Institutional's Cash Collateral.

12. Her position was not unreasonable or vexatious and, thus, clearly no sanctions are warranted under 11 U.S.C. § 105. Accordingly, Reardon's Motion should be denied.

**[REMAINING PORTION OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, Redmond respectfully requests that the Court enter an Order: (i) denying the Motion and (ii) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

/s/ *Kristopher E. Pearson*
Kristopher E. Pearson
Florida Bar No. 0016874
kpearson@stearnsweaver.com
STEARNS WEAVER MILLER
 WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower Building, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:	(305) 789-3259
Facsimile:	(305) 789-2624

#270915 v1

4