

**ORDERED in the Southern District of Florida on May 17, 2010.**

                                                        John K. Olson, Judge
                                                        United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov**

| | |
|---|---|
| In Re: | Chapter 11 |
| W.B. CARE CENTER LLC<br>d/b/a WEST BROWARD CARE CENTER | Case No. 09-26196-BKC-JKO |
| _____Debtor._____  / | |

**ORDER DENYING CREDITOR TIMOTHY PATRICK REARDON'S EMERGENCY MOTION FOR SANCTIONS AND CONTEMPT AGAINST JOHN HELLER SENIOR ADVISOR, AND MARCUMRACHLIN FOR FAILURE TO PROSECUTE [D.E. #416]**

**THIS MATTER** came before the Court for hearing on Thursday, April 15, 2010 at 2:00 p.m. (the "Hearing") on the *Emergency Motion for Sanctions and Contempt Against John Heller, Senior Advisor, and MarcumRachlin* [D.E. # 416] (the "Motion"), filed by Timothy Patrick Reardon *Pro Se* ("Mr. Reardon" or "Movant") as well as the *Response in*

*Opposition to Emergency Motion for Sanctions and Contempt Against John Heller, Senior Advisor, and Marcum Rachlin* [D.E. #441] (the "Response") filed by W.B. Care Center, LLC d/b/a West Broward Care Center's ("W.B." or the "Debtor").

The Motion seeks certain sanctions and a finding of contempt against John Heller, CPA ("Mr. Heller") and Marcum Rachlin a division of Rachlin, LLP ("MarcumRachlin") under 11 U.S.C. § 105 ("Sanctions") for representations to the Court concerning the diminishing of Debtor's cash position from the petition date, August 5, 2009 to the date of the October 27, 2009 continued hearing on Debtor's use of cash collateral (the "October 27, 2009 Hearing"). In the Response the Debtor, on behalf of Heller and MarcumRachlin, argued that: (i) Mr. Heller's representations to the Court and testimony were based upon documents created by the Debtor, and (ii) Mr. Readon failed to meet the legal standard under 11 U.S.C. § 105 for sanctions and contempt.

The Court, having reviewed the Motion, the Response and the record in this, case, and having heard argument of counsel for the Debtor on behalf of Mr. Heller and MarcumRachlin, and in the absence of Mr. Reardon appearing at the Hearing to prosecute the Motion, and the Court finding that notice having otherwise been proper makes the following findings of fact**:**

### FINDINGS OF FACT

A.     Despite having received due and proper notice of the hearing, Mr. Reardon failed to attend the Hearing and prosecute the Motion. Consequently, the Court finds the Motion subject to denial for lack of prosecution.

B.     As discussed below the Court also finds the Motion is unsupported by fact or law, and subject to denial on the merits.

C. The language of 11 U.S.C. § 105 is permissive. Courts are not required to exercise their powers under this provision. *See In re Adell*, 296 Fed.Appx. 837 (11th Cir. 2008).

D. Sanctions under 11 U.S.C. § 105 require a finding that a party's conduct is unreasonable and vexatious. *See In re PSN USA, Inc.,* No. 02-11913-BKC-AJC, 2007 WL 328717 (Bankr. S.D. Fla. 2007) (Cristol, J.).

E. The Court finds that the proffers of testimony of both Mr. Heller and MarcumRachlin at the October 27, 2009 Hearing were based upon information provided by the Debtor, and documents prepared by the Debtor in the form of bankruptcy schedules, which were sworn to by Mr. Reardon, under penalty or perjury.

F. Based upon the record, the Court finds that Mr. Heller's and MarcumRachlin's position was not only not unreasonable, but offered in good faith under the circumstances and based upon the information available to Mr. Heller and MarcumRachlin at that time. Therefore, sanctions or a finding of contempt are not warranted pursuant to 11 U.S.C § 105.

G. To the extent the Motion seeks to have this Court find Mr. Heller and MarcumRachlin committed perjury, that relief is **DENIED.** Based upon the foregoing findings of fact, and for the reasons stated on the record at the Hearing, which are fully incorporated into this order, no cause or factual or legal justification exists to grant the relief requested in the Motion. It is therefore **ORDERED as follows:**

1. The Motion is **DENIED** for failure by the Movant to prosecute the Motion.

2. The Motion is **DENIED** on the merits.

3

3. The sanctions requested in the Motion are **DENIED.**

# # # #

**Submitted by**:
Robert P. Charbonneau, Esquire
Florida Bar No.: 968234
rpc@ecclegal.com
Ehrenstein Charbonneau Calderin
Attorneys for the Debtor
501 Brickell Key Drive, Suite 300
Miami, Florida  33131
T. 305.722.2002   F. 305.722.2001

**Copy to Robert P. Charbonneau, Esquire, who is directed to serve a conformed copy of the Order upon all Parties entitled to service and file a Certificate of Service.**