# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

In re:                                          Case No. 09-26196-JKO

WB CARE CENTER, LLC d/b/a                       Chapter 7
West Broward Care Center,

      Debtor.

_____/

## MARCUM LLP'S RESPONSE TO REARDON'S MOTION FOR PERMISSION TO ADD MARCUM AS DEFENDANT

Marcumrachlin, a division of Marcum LLP ("Marcum"), files this response (the "Response") to the *Former Owner and Debtor-in-Possession of W.B. Care Center, LLC, Timothy Patrick Reardon's Motion for Permission, Under the "Barton Doctrine" to Add Former Sole Representative of W.B. Care Center, LLC, Marcum LLP D/B/A Marcumrachlin, as a Defendant in Case No: 12-20829-CIV-Lenard Timothy Patrick Reardon vs. Institutional Leasing 1 LLC., Millenium Management LLC and W.B. Care Center LLC In the United States District Court – Southern District of Florida for Racketeering Activity Under 18 U.S.C. §§ 1961(1)(D): "Any Offense Involving Fraud Connected with a Case Under Title 11"* [ECF #736] (the "Motion"). In support of the Response, Marcum states:

### BACKGROUND

1.      On August 5, 2009, WB Care Center LLC, d/b/a West Broward Care Center (the "Debtor"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") initiating the above-captioned bankruptcy case (the "Chapter 11 Case") in the United States Bankruptcy Court for the Southern District of Florida.

2.      Alan R. Barbee, John Heller ("Heller") and Marcum (collectively, the "Accountants") were originally engaged by the Debtor to serve as its accountants in the WB

Case. That engagement was amended by Court order expanding the duties of John Heller to provide that Heller shall serve as the Debtor's sole representative (the "Expanded Duties") during the pendency of the chapter 11 case (the "Heller Order") [ECF#230].

3.      During the chapter 11 case, the Debtor sold substantially all of its assets under section 363 of the Bankruptcy Code and then sought to convert the case to a case under chapter 7 of the Bankruptcy Code. Prior to conversion of the case, however, the Debtor filed a motion seeking entry of an order: (i) discharging the Accountants from any residual duty that they may owe to the Debtor or its estate stemming from their engagement, (2) discharging Heller and the Accountants of any and all responsibilities, duties or fiduciary obligations to the Debtor or its former chapter 11, and current chapter 7, bankruptcy estates, including, but not limited to, the Expanded Duties arising from the Heller Order, and (3) providing Heller and the Accountants a general release from any and all liability stemming from Heller's role as corporate representative [ECF #570] (the "Discharge Motion").

4.      The Court heard the Discharge Motion on October 19, 2010 and entered an Order granting the Discharge Motion on November 15, 2010 [ECF#592] (the "Discharge Order"). In the Discharge Order, this Court ruled, *inter alia,* that:

> Heller and Accountants are forever released from all liability, including, but not limited to, all manner of actions, claims, causes of action, suits, obligations, liabilities, damages, debts, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, expenses, compensation, attorneys' fees, court costs and other costs, judgments, executions, demands and every other claim of any kind, either at law or in equity, either direct or indirect, secondary or primary, and all consequences thereof, regardless of whether such claims are known or unknown, foreseen or unforeseen, in existence currently or inchoate and not yet accrued, which any entity or individual ever had, now has, hereafter can, shall or may have against Heller and Accountants for any action Heller undertook in his role as the Debtor's sole representative.

2

Discharge Order ¶4.

     5.      On February 28, 2012, Timothy Patrick Reardon ("Reardon") filed a complaint in the U.S. District Court for the Southern District of Florida, which initiated the civil action styled *Reardon v. Institutional Lease 1 LLC, et al.*, Case No. 12-20829 (the "District Court Case").

     6.      On August 8, 2013, Reardon filed the Motion, which seeks authority from this Court under the "Barton Doctrine" to add Marcum as a defendant in the District Court Case (the "Marcum Motion") [ECF #736].[1] At Reardon's request, the Court scheduled the Motion for hearing on August 21, 2013 at 10:00 a.m. [ECF #738].

## RESPONSE

     7.      The Motion is without merit, because the Court has granted Marcum a release from any and all claims that Reardon can possibly assert in the District Court Case against Marcum.    Marcum's only connection to Reardon, and the nucleus of operative facts that purportedly support Reardon's claims in the District Court Case, is Heller's and Marcum's engagement in this bankruptcy case.    Additionally, any claims that Reardon may have held against Heller and Marcum for their actions in connection with this chapter 11 case have been forever released by the Discharge Order.    Accordingly, the Plaintiff does not hold any valid claim against Heller or Marcum that could be properly raised in the District Court Case.

---

[1] Reardon previously filed a nearly identical motion (the "Prior Motion") on November 6, 212 in a related adversary proceeding, *Reardon v. Welt*, Adv. Proc. No. 12-2072, seeking authority to add Marcum as a defendant in a civil action before the United States District Court for the Southern District of Florida styled *Reardon v. Lake Worth Enterprises, LLC, et al.*, Case No. 1:12-cv-20289-JAL [Adv. Proc. ECF #6].  Although the Court initially granted the Prior Motion, Marcum had not received notice of the Prior Motion, and on June 6, 2013, the Court entered an agreed order vacating the order granting the Prior Motion [Adv. Proc. ECF #42].

**EHRENSTEIN CHARBONNEAU CALDERIN**

501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

8.    Accordingly, the Court should deny the Motion and enforce the terms of the

Discharge Order forever releasing Heller and Marcum.

Dated:  August 19, 2013

Respectfully Submitted,

EHRENSTEIN CHARBONNEAU CALDERIN
*Counsel for Marcum*
501 Brickell Key Drive, Suite 300
Miami, FL 33131
T. (305) 722-2002      F. (305) 722-2001

By: _____*/s/ Robert P. Charbonneau*_____
Robert P. Charbonneau
Florida Bar No.: 968234
rcharbonneau@ecclegal.com
Matthew A. Petrie
Florida Bar No.: 44770
map@ecclegal.com

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was served by transmission of

Notices of Electronic Filing generated by CM/ECF to those parties registered to receive

electronic notices of filing in this case and via Electronic Mail and U.S. Mail to the attached

Service List on August 20, 2013.

*I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 1-2090(A).*

EHRENSTEIN CHARBONNEAU CALDERIN
*Counsel for Marcum*
501 Brickell Key Drive, Suite 300
Miami, FL  33131
T. (305) 722-2002      F. (305) 722-2001

By:_____
Robert P. Charbonneau, Esquire.
Florida Bar No. 968234
rpc@ecclegal.com

4

**Service List:**
Timothy Reardon
226 N.E. 1st Ave.
Miami, Florida 33132
treardon12@aol.com

**EHRENSTEIN CHARBONNEAU CALDERIN**
501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com